■ MARY DE ROSSI, Appellant, v GOLUB CORPORATION, Also Known as PRICE CHOPPER SUPERMARKETS, Respondent. [619 NYS2d 195] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Viscardi, J.), entered October 8, 1993 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On April 6, 1991, while shopping in the frozen food aisle of defendant's store in the City of Saratoga Springs, Saratoga County, plaintiff suffered a fall resulting in serious injuries. Plaintiff alleges that the cause of her fall was a three-foot by five-foot open-top freezer located in the center of the 10- to 12-foot wide aisle. Plaintiff states that the remaining space in the aisle to the side of the freezer was too narrow for two carts to pass by one another. Plaintiff backed up to permit another shopper to pass. She has no recollection of anything beyond commencing to back up including the fall and could "only conclude that I struck the shrimp freezer while doing so". When attended to on the floor while unconscious, plaintiff was located 10 to 15 feet from the freezer.

Defendant moved for summary judgment contending that one can only speculate as to the cause of plaintiff's injuries, and as a matter of law the location of the shrimp freezer was neither negligent nor the proximate cause of the injuries. Supreme Court granted the motion, finding that the freezer which was known to plaintiff was a readily seen and obvious condition. Plaintiff appeals contending that the shrimp freezer created a narrow unsafe passageway where foreseeable congestion would require a patron to back up in order to yield the way to another shopper, and further that when forced to back

up a customer could trip over the freezer. We disagree and affirm.

Plaintiff acknowledged her awareness of the freezer and that she was adjacent to it when she commenced to back up. Other than her mere speculation that she had backed into the freezer, plaintiff has failed to suggest a cause for her fall or explain her fallen location down the aisle. Defendant established that the aisle was wide and the shrimp freezer as placed in the middle was apparent and clearly visible. There is no duty to warn of conditions which are easily observable with the normal use of one's senses (*Rowell v Town of Hempstead*, 186 AD2d 553, *lv denied* 81 NY2d 703).

In light of defendant's prima facie showing, it was incumbent upon plaintiff to make an evidentiary showing that an issue of fact existed (*see, Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916). Plaintiff failed to meet her burden to assemble and lay bare affirmative proof to establish that the matters alleged were real and capable of being established at trial (*see, Zuckerman v City of New York*, 49 NY2d 557). Plaintiff suggested without any factual basis that backing up a shopping cart in a congested aisle of a supermarket, a common event, was somehow unsafe and hazardous. Similarly, plaintiff set forth only conjecture to suggest that the width of the aisle played a causative role in her accident. Without any evidentiary support for plaintiff's speculative conclusions, defendant was entitled to judgment dismissing the complaint.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.