■ FRANCES RUSSELL et al., Respondents, v ARCHER BUILDING CENTERS, INC., Appellant. [631 NYS2d 102] —Crew III, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 15, 1994 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

On March 22, 1993, plaintiff Frances Russell (hereinafter Russell) was shopping with her husband, plaintiff John Russell, in a hardware/lumber store owned by defendant in the City of Oneonta, Otsego County. Plaintiffs sought out the tile display and as Russell stepped back to view a sheet of tile, she tripped over the bottom rail of a steel display rack forming one side of the aisle in which she was standing and broke her wrist. The rack in question, which was designed to hold doors and was only partially filled at the time of the accident, appears to have been the only rack in the area where Russell fell.

Plaintiffs commenced this action alleging that the empty segment of the display rack constituted a hazard to the shopping public and caused Russell's injury. Defendant answered and after examinations before trial, moved for summary judgment dismissing the complaint contending that the display rack was in open and plain view. Defendant further contended that the rack did not constitute a hidden or concealed danger and that it was not liable for the obvious condition which, with the exercise of reasonable care, was readily observable. Supreme Court, finding an issue of fact as to whether the rack was open and obvious when placed in a location where a customer might back into it to view other merchandise, denied the motion. This appeal by defendant followed.

There must be a reversal. While a landowner who holds property open to the public has a general duty to maintain the property in a reasonably safe condition to prevent foreseeable injuries (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519), this duty extends only to conditions that are not readily observable (*see, Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072-1073). There is no duty to warn of conditions that can be readily observed with the normal use of one's senses (*see, De Rossi v Golub Corp.*, 209 AD2d 911, 912, *lv denied* 85 NY2d 804; *Rowell v Town of Hempstead*, 186 AD2d 553, *lv denied* 81 NY2d 703).

Searching the record in the light most favorable to plaintiffs, we find no basis for finding an issue of fact as to whether the rack was open and obvious. Here, a photograph of the display rack with its offending bottom rail reveals that the rack did not protrude into the plainly discernible and uncluttered aisle, but rather formed a readily apparent part of the merchandise display area. Had Russell exercised ordinary care, she would have observed the self-evident boundaries of the aisle as she walked down it before stopping immediately adjacent to the rack to examine the tile display (*see, Oldfield v Neisner Bros.*, 285 App Div 1110). Accordingly, the order should be reversed and summary judgment granted to defendant.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.