■ JANET GRANSBURY et al., Appellants, v K MART CORPORATION, Respondent. [646 NYS2d 406] —Mikoll, J. P. Appeal from an

order of the Supreme Court (Mugglin, J.), entered September 18, 1995 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

In May 1990, plaintiff Janet Gransbury (hereinafter plaintiff) was injured when she walked into a metal post located at the entrance to a K Mart store in South Side Mall, in the City of Oneonta, Otsego County. The chrome-plated post was 3 feet, 9 inches tall and 4 inches square, and was one of a row of several such posts that had been installed across the entrance/exit of the K Mart store in 1983 to prevent shopping carts from being taken from the store into the general mall area.

Plaintiff commenced this action against defendant in June 1991, charging it with negligence for its failure to maintain its premises in a safe condition and for its failure to warn customers regarding the presence of the posts. Plaintiff's spouse, plaintiff Gary Gransbury, filed a derivative suit. After joinder of issue and discovery proceedings, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion. Plaintiffs appeal.

A landowner who holds property open to the public has a duty to maintain the property in reasonably safe condition to prevent foreseeable injuries (see, *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). This duty, however, extends only to conditions that are not readily observable (see, *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773; *Thornhill v Toys "R" Us NY-TEX*, 183 AD2d 1071, 1072-1073). No duty exists to prevent or even to warn of conditions which can be readily perceived by the use of one's senses (see, *De Rossi v Golub Corp.*, 209 AD2d 911, 912, *lv denied* 85 NY2d 804; *Poerio v State of New York*, 144 AD2d 129, 131).

Our review of the records, including the photographic exhibits, leads to the conclusion that the post in question was readily apparent to anyone entering or exiting defendant's brightly illuminated store. That over one million individuals have walked past this row of posts without a single reported incident in the seven years between the time of their installation and the time of plaintiff's accident further persuades us that defendant cannot be held liable, as a matter of law, for plaintiffs' injuries (see, *Kelly v Academy Broadway Corp.*, 206 AD2d 794, 795). We conclude that summary judgment dismissing the complaint was properly granted.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.