■ STEVEN GARCIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [650 NYS2d 715] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 24, 1996, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

On March 15, 1993, plaintiff, 22 years of age and allegedly retarded, was visiting his cousin at an apartment building, located at 928 Mace Avenue in the Bronx, which defendant owned and operated. When his cousin's cat jumped out of the first floor apartment window and entered the yard abutting the building, plaintiff exited the building and entered the yard, which was part of the premises, to retrieve it. There had been construction in the yard as a result of which a mound, covered on this particular day with ice and snow, had been left. A black iron fence separated the yard from a public walkway. Plaintiff entered the yard through a downed portion of a temporary wooden fence which had replaced a section of the permanent fence. Plaintiff submitted evidence that a portion of the temporary wooden fence had been down for four weeks before the accident. After retrieving the cat and as he was leaving the yard but before he reached the fence, plaintiff fell backwards on the ice and snow, breaking his leg. At his deposition, plaintiff could not remember how high the snow was at the point where he fell; he described the ice as smooth and the snow as bumpy. In an affidavit in opposition to defendant's summary judgment motion, he stated simply, "I was injured while walking on a mound covered by snow and ice." Nowhere in this record is the mound otherwise defined or described.

Defendant's motion for summary judgment should have been granted. Even though a section of the temporary fence was down, the condition of the area where plaintiff fell was open

and obvious. Had there been an obvious defect, it could have been avoided by the exercise of reasonable care. This duty is imposed on a plaintiff irrespective of whether the condition is created by the defendant. (*See, De Rossi v Golub Corp.*, 209 AD2d 911, *lv denied* 85 NY2d 804; *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772.) Moreover, from all that appears in this record, there is nothing to indicate that the snow and ice covered mound presented a latent danger or condition. In the absence of such proof, "a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent danger or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question." (*Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539; *Dart v Solomon*, 210 AD2d 581, 583.) Furthermore, a landowner has no duty to remove snow and ice from a yard area off and away from the public walkway. (*See, Palmer v Prescott*, 208 AD2d 1065, *lv denied* 85 NY2d 804.)

It was also error for the IAS Court to place plaintiff's mental capacity in issue to justify its determination. The record is bereft of any competent proof on this issue. The complaint should be dismissed. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.