█ ALAYNE DiFRANCO, Respondent, v GOLUB CORPORATION, Appellant. [660 NYS2d 514] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 4, 1996 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On April 17, 1992, while shopping in defendant's supermarket, plaintiff was injured when she was allegedly struck in the back by a shopping cart or a string of shopping carts. She subsequently commenced this negligence action and defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendant ensued.

We affirm. Defendant initially asserts that it owes no duty to the public to warn of conditions that can be readily perceived by one's senses (*see, Gransbury v K Mart Corp.,* 229 AD2d 891). Plaintiff, however, alleges that the cart or carts struck her from behind while she was looking at a plant display located in the vestibule of defendant's store. She further alleges that defendant was negligent in allowing carts to accumulate in the small area of the vestibule located just inside the entrance to the store. In view of these allegations, we do not find the rule of *Gransbury v K Mart Corp. (supra)* applicable to this case.

Defendant further argues that because plaintiff testified at her examination before trial that she did not actually see one of defendant's employees strike her with the cart or carts, she has failed to set forth a prima facie case of negligence. We disagree. Although plaintiff admitted that she did not witness the impact since her back was turned, she stated that she observed

a string of carts in the vestibule and after the accident an employee who was in the vestibule approached her to see if she was all right. Plaintiff then saw the employee move the string of carts inside the store. The employee who assisted plaintiff testified at an examination before trial and had little recollection of the event, but he did remember asking plaintiff about her injury and advising her that he would get help. He stated that he did not witness the cart or carts strike plaintiff, that it was not customary to store shopping carts in the area of the vestibule and that he could not recall if a number of carts were parked in the vestibule at the time of the accident.

"To establish a prima facie case based solely on circumstantial evidence, it is enough that [a] plaintiff shows facts and conditions from which negligence of [the] defendant and causation of the accident may reasonably be inferred" (*Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765, 766), and the evidence must be viewed in the light most favorable to the plaintiff, according her every reasonable inference (*see, Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1073; *Donnell v Stogel*, 161 AD2d 93, 96).

In our view, the confluence of the string of shopping carts in the small vestibule, together with the presence of defendant's employee, raises questions of fact as to whether defendant was negligent in the direction and control of its employees or the maintenance of its store and whether its negligence was the proximate cause of plaintiff's accident (*see, Kriz v Schum*, 75 NY2d 25, 33-34; *cf., Di Ponzio v Riordan*, 224 AD2d 139, 143-146, *affd* 89 NY2d 578). Supreme Court properly denied defendant's motion.

Cardona, P. J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.