■ Leo Blecher et al., Appellants, v Holiday Health & Fitness Center of New York, Inc., Doing Business as Bally's Health & Fitness Center, Respondent. [664 NYS2d 869] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 7, 1996 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

While exercising at defendant's health club, plaintiff Leo Blecher (hereinafter plaintiff) sustained injuries when he hit his head on a bar suspended from a piece of exercise equipment. Plaintiff, and his wife derivatively, commenced this action for personal injuries alleging that defendant was negligent in, *inter alia*, failing to properly maintain its equipment and failing to provide a reasonably safe area in which to utilize the equipment. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiffs ensued.

We affirm. It is well settled that a landowner has a duty to maintain his or her property in reasonably safe condition and "to warn those lawfully on the premises of potentially dangerous conditions that are not readily observable" (*Comeau v Wray*, 241 AD2d 602, 603; *see, Gransbury v K Mart Corp.*, 229 AD2d 891, 892; *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773). This duty, however, does not extend to conditions "that can be easily recognized or discovered by the normal use of one's senses" (*Comeau v Wray, supra*, at 603; *see, Paulo v Great Atl. & Pac. Tea Co.*, 233 AD2d 380; *Gransbury v K Mart Corp., supra*, at 892; *De Rossi v Golub Corp.*, 209 AD2d 911, 912, *lv denied* 85 NY2d 804).

Here, plaintiff's injury occurred while he was attempting to gain access to part of a pulley machine located in close proximity to a rowing machine being used by another club member. Plaintiff testified at his examination before trial that he was bending over to move a handle necessary to use the pulley

machine for bicep exercises and that, as he stood up, he struck his head on a large metal bar connected to another part of the machine which caused him to fall to the ground and injure his leg. He stated that the metal bar was located approximately four to five feet above the ground and was suspended by a cable from the pulley machine. Although plaintiff stated that he did not notice the bar attached to the pulley prior to the accident, he indicated that he had been a club member for approximately one year, using the gym two to three times per week, and that he had used the pulley machine on three to five prior occasions. He further acknowledged that, prior to the accident, his attention was focused on the club member using the rowing machine and not on the bar overhead. Under these circumstances and absent proof by plaintiffs that the subject bar was not readily observable, we conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (*see, e.g.*, *Binensztok v Marshall Stores*, 228 AD2d 534, 535).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.