■ VIOLA HOPSON, Appellant, v TURF HOUSE, INC., Individually and Doing Business as HOLIDAY INN TURF ON WOLF ROAD, et al., Respondents. [676 NYS2d 256] —Cardona, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 3, 1997 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

In September 1990, plaintiff was injured when she stumbled and fell over a floor planter island located adjacent to a restroom doorway in defendants' Holiday Inn Turf on Wolf Road in the Town of Colonie, Albany County. The accident occurred when plaintiff exited the restroom, turned right and tripped on the 4½-inch curb that surrounded the island.

Thereafter, plaintiff commenced this personal injury action alleging that defendants were negligent in, *inter alia*, causing or permitting the island to be positioned in close proximity to the restroom and failing to warn the public regarding the island's presence. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that the island was a readily observable condition and that plaintiff's accident was attributable to her failure to look where she was walking. This appeal by plaintiff followed.

Although landowners who hold their property open to the public owe a duty of reasonable care to warn of potential dangerous conditions thereupon or to take other appropriate measures to prevent foreseeable injuries (*see, Blecher v Holiday Heath & Fitness Ctr.*, 245 AD2d 687; *Comeau v Wray*, 241 AD2d 602, 603), no duty exists to prevent or warn of conditions that are readily observable "by those employing the reasonable use of their senses" (*Tarricone v State of New York*, 175 AD2d 308, 309, *lv denied* 78 NY2d 862; *see, Gransbury v K Mart Corp.*, 229 AD2d 891, 892).

Upon reviewing the record in the light most favorable to plaintiff, we find that summary judgment was properly granted. Plaintiff testified that she observed the island while walking past it as she entered the restroom. Photographs of the island reveal that it was several feet long and was comprised of materials that contrasted with the color of the flooring. It also contained plants as well as a 40-inch light fixture. Although plaintiff stated that dim lighting prevented her from seeing the island upon exiting the restroom, she admitted that her attention was not focused on where she was walking. Under these circumstances, Supreme Court properly concluded as a matter of law that the island was a readily observable condition which should have been perceived by plaintiff (*see, Blecher v Holiday Health & Fitness Ctr.*, *supra*; *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773). Plaintiff's unsubstantiated hearsay statement that two other individuals also tripped on the island that day does not compel a contrary result (*see, First Northern Mtge. Corp. v Yatrakis*, 154 AD2d 433, 434).

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.