■ MARION A. DE CONNO, Respondent, v GOLUB CORPORATION, Individually and Doing Business as PRICE CHOPPER SUPERMARKETS, et al., Appellants, et al., Defendant. [680 NYS2d 727] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Donohue, J.), entered June 4, 1997 in Albany County, which, *inter alia*, denied motions by defendants Golub Corporation, Price Chopper Operating Company, Inc. and Mark Development Company for summary judgment dismissing the complaint against them.

This action arises out of an accident that occurred on August

12, 1989, when plaintiff allegedly tripped over an orange marker cone while at a Price Chopper supermarket in the Town of Colonie, Albany County. The cone, which was located in one of the grocery aisles, was apparently intended to alert patrons to the presence of a garbage pail that had been left in the aisle to catch water leaking from the roof. Plaintiff asserts that she had just turned the corner to enter the aisle, which was crowded with shoppers, when she tripped on the cone and fell, sustaining the injuries for which she now seeks to recover.

Several defendants moved and cross-moved for summary judgment, arguing, *inter alia*, that they breached no duty to plaintiff inasmuch as the allegedly dangerous condition which precipitated her fall—the presence of a bright highway cone in the aisle—was readily observable to all who might encounter it. Supreme Court disagreed, finding that a question of fact existed with regard to whether the cone was indeed "open and obvious" to those entering the aisle from the direction in which plaintiff did so, and declined to dismiss the complaint against defendants Golub Corporation, Price Chopper Operating Company Inc. and Mark Development Company (hereinafter MDC) on that ground. Those parties, joined by defendants Martin Slomowitz and Latham Associates (the owners of the property) (hereinafter collectively referred to as defendants), now appeal.

Given the location of the cone—plaintiff avers that she had "barely stepped into the aisle" after turning the corner when she tripped over it—along with other evidence allowing for the inference that it may have been partially obscured by other customers, by boxes of merchandise stacked nearby or by a large display at the end of the aisle (*see, Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1073), the record presents at least an arguable factual question as to whether the obstacle was readily apparent through "the normal use of one's senses" (*Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773; *see, e.g.*, *Blecher v Holiday Health & Fitness Ctr.*, 245 AD2d 687; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892). Accordingly, defendants are not entitled to summary judgment on that ground.

The complaint should, however, have been dismissed against MDC, for there is no evidence that it exercised, or had the authority to exercise, any control over the condition that brought about plaintiff's fall. While MDC was assertedly responsible for the repair and maintenance of the roof, there is no record proof that plaintiff's fall was caused by any wetness or slipperiness produced by the leaking roof itself; indeed,

plaintiff herself characterizes the mishap not as a *slip* but as a *trip*, purportedly over the cone. As it is undisputed that MDC had no control over the operation of the Price Chopper store in general, or over the decisions surrounding the use or placement of the cone in particular, MDC* is entitled to the relief it seeks (*see, Kiselis v Speculator Chamber of Commerce*, 234 AD2d 677, 678; *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957-958).

Cardona, P. J., and White, J., concur.

Mikoll, J. (dissenting in part and concurring in part). We agree with the majority that summary judgment dismissing the complaint against defendant Mark Development Company should be granted. In our view, however, the remaining defendants are also entitled to summary judgment in that plaintiff has failed to raise a question of fact that their negligence caused her to fall in the Price Chopper supermarket. Plaintiff's own pretrial testimony indicates that she is unable to say what caused her to fall as she entered the aisle. Her most affirmative statement is that she *assumed* she tripped over a two-foot high orange-colored warning cone placed to the left side of the aisle in front of a bucket intended to catch any moisture coming from a roof undergoing repairs. She also indicated that she failed to see the cone before her fall, that she was unable to indicate just how far into the aisle the cone was located and whether any condition existed which interfered with her ability to see the cone. A defendant's duty to warn customers of a dangerous or potentially dangerous condition does not extend to conditions that are readily observable (*see, Hatch v Rog Glo*, 239 AD2d 771).

Based on plaintiff's testimony, the remaining defendants are also entitled to summary judgment dismissing her cause of action against them.

Crew III, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment by defendant Mark Development Company; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.

---

* Although Latham Associates and Slomowitz have joined in MDC's notice of appeal and brief, arguing, *inter alia*, that they—like MDC—did not retain possession or control of the interior of the store, that issue (namely, that of the *owners'* liability for conditions on the premises), not having been raised before Supreme Court, cannot form the basis of an award of summary judgment on their behalf, at least at this juncture (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430).