■ JOHN M. HALL et al., Respondents, v 130-10 FOOD CORP., Doing Business as TRADE FAIR SUPERMARKETS, et al., Appellants. (And a Third-Party Action.) [684 NYS2d 213] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 8, 1998, which denied defendants', Trade Fair Supermarkets and West Side Foods, respective motions for summary judgment, unanimously modified, on the law, to grant summary judgment to defendant West Side dismissing the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant West Side dismissing the complaint as against it.

We agree with the motion court that a question of fact remains regarding whether plaintiff, who tripped over a box while walking backwards and dragging empty milk cartons with a metal hook through Trade Fair's loading dock, should have seen and avoided the box in the exercise of reasonable

care. Plaintiff's testimony indicates that he had previously cleared a path over which to drag the empty cartons, and had done so on nine occasions immediately prior to the accident without incident. Moreover, plaintiff asserted that the box was placed in his path by a negligent Trade Fair employee within a mere 10 or 15 seconds of his accident. Under these circumstances, it cannot be said that plaintiff acted unreasonably as a matter of law in failing to observe this condition (*compare, De Conno v Golub Corp.*, 255 AD2d 734, *with De Rossi v Golub Corp.*, 209 AD2d 911). We find, however, that defendant West Side is entitled to summary judgment since there is no evidence demonstrating that it played any role in creating the condition that occasioned plaintiff's injuries, and since it had no duty to maintain Trade Fair's premises, and we modify accordingly. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.