■ GERALDINE BUTZER, Respondent, v EDWARD J. SCHARF et al., Appellants. [693 NYS2d 745] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lahtinen, J.), entered December 15, 1998 in Franklin County, which denied defendants' motion for summary judgment dismissing the complaint.

The origin of this lawsuit is an accident that occurred at approximately 9:45 P.M. on August 11, 1995. According to plaintiff, as she was walking on the sidewalk in a southerly direction, she moved to her right to yield the path to two approaching pedestrians and, in so doing, tripped over an 8 to 12-inch concrete divider situated between the adjacent properties of the two defendants. The divider runs perpendicular to and easterly of the walkway. Plaintiff's complaint charges that the absence of adequate lighting created a dangerous condition that resulted in her injury. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court denied the motion and this appeal followed.

Plaintiff's deposition testimony that she did not see the concrete divider because the area was "pitch dark" and that there was "no light" creates an issue of fact as to whether, given the proximity of the divider to the walkway, defendants

maintained their premises in a reasonably safe condition (*see, Kellman v 45 Tiemann Assocs.*, 87 NY2d 871, 872) so as to protect against injuries arising from dangerous conditions that are not readily observable (*see, Comeau v Wray*, 241 AD2d 602, 603). Furthermore, on this record it cannot be said as a matter of law that defendants did not have actual notice of the allegedly dangerous condition (*see generally, Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846) occasioned by the claimed lack of any or proper illumination in the area. The affidavit of a long-time employee of defendant 340 Club, Inc., attesting that she was working on the night that plaintiff fell, that she had checked the lights and that they provided sufficient lighting, rather than being dispositive, merely contradicts plaintiff's unequivocal averments that the area was not lighted. These conflicting statements present a credibility issue which cannot be resolved on a motion for summary judgment (*see, Boyce v Vazquez*, 249 AD2d 724, 726).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.