■ FREDA WINT, Appellant, v FULTON STREET ART GALLERY, INC., Respondent, and MINISTER, ELDERS, AND DEACONS OF REFORMED PROTESTANT DUTCH CHURCH OF CITY OF NEW YORK, et al., Defendants and Third-Party Plaintiffs-Respondents. TONG CHANG CHAJ et al., Third-Party Defendants-Respondents. [694 NYS2d 97] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 11, 1998, as (1) granted those branches of the motions of the defendant Fulton Street Art Gallery, Inc., and the third-party defendants Tong Chang Chaj and Sarah Chaj, and the motion of the defendants third-party plaintiffs Minister, Elders and Deacons of the Reformed Protestant Dutch Church of the City of New York and Collegiate Church Corp. which were for summary judgment dismissing the complaint insofar as asserted against the respective defendants. The appeal brings up for review so much of an order of the same court, dated June 15, 1998, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated February 11, 1998, is dismissed, as that order was superseded by the order dated June 15, 1998, made upon reargument; and it is further,

Ordered that the order dated June 15, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents Fulton Street Art Gallery, Inc., Tong Chang Chaj, and Sarah Chaj are awarded one bill of costs.

The plaintiff tripped and fell over a step as she entered the vestibule of an art gallery from the sidewalk. The plaintiff had previously entered the gallery to make a purchase earlier that same day without incident. The record establishes that the step did not present an inherently dangerous condition. Furthermore, since the step was readily observable by the reasonable use of one's senses, the defendants had no duty to warn the plaintiff of the condition (*see, Hopson v Turf House,* 252 AD2d 796; *Reuscher v Pergament Home Ctrs.,* 247 AD2d

603; *Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380; *Binensztok v Marshall Stores,* 228 AD2d 534). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.