■ MICHELE VLIET et al., Respondents, v CROWLEY FOODS, INC., Defendant and Third-Party Plaintiff-Appellant. DEAN FOWLER OIL COMPANY, INC., Successor in Merger to DAY & NIGHT FOOD STORES, INC., Third-Party Defendant-Respondent. [693 NYS2d 338] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered November 20, 1998 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint and granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) from the judgment entered thereon.

On May 31, 1993, plaintiff Michele Vliet (hereinafter plaintiff) was working for her employer (hereinafter third-party defendant) as a cashier at a convenience store located in the Town of Lansing, Tompkins County. On that date, a delivery person employed by defendant delivered numerous crates of milk and stacked them in the walk-in cooler. Plaintiff began pricing the milk which necessitated removing the crates from the top of the columns in which they were stacked. She was allegedly injured when one of the crates slid and struck her.

Thereafter, plaintiff and her husband, derivatively, commenced this action alleging that defendant's negligence in stacking the crates in a dangerous manner caused plaintiff's injuries. Defendant, in turn, impleaded third-party defendant for contribution and/or indemnification. Following joinder of issue, defendant moved for summary judgment dismissing plaintiffs' action and third-party defendant moved for sum-

mary judgment dismissing the third-party complaint. Supreme Court denied defendant's motion, but granted third-party defendant's motion. Defendant appeals.

Initially, defendant contends that the manner in which the crates were stacked was readily observable to plaintiff and, consequently, it owed plaintiff no duty of care. We disagree. We acknowledge the general rule that when a dangerous condition is in plain view and observable by a plaintiff by the reasonable use of his or her senses, there may be no duty to prevent or warn of the condition (*see, Boehme v Edgar Fabrics*, 248 AD2d 344; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892; *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072-1073; *compare, Comeau v Wray*, 241 AD2d 602, 603). Nevertheless, that rule, generally applied in landowner cases, does not completely absolve defendant of liability in the instant case. Under the circumstances presented herein, defendant was under a duty not to create a dangerous condition that was likely to pose a foreseeable risk of injury to others. It is undisputed that defendant's delivery person created the condition at issue by the manner in which the crates were placed in the walk-in cooler.

According to the affidavit of the delivery person, he delivered a total of 27 crates to the store which he stacked in four columns of six crates and one column of three crates. He stated that the crates were interlocking and none of the columns was more than six crates high. Plaintiff, who was 5 feet, 7 inches tall, averred that the delivery person had stacked the crates in the crowded cooler in a horseshoe pattern in four columns, three of which were eight to nine crates high. Although she testified at her examination before trial that the columns were six to seven crates high, she averred that she could not recall exactly how many crates were in the columns until she actually observed a stack of crates at a later date. She consistently related, however, that the crates were stacked above her head. Plaintiff stated that when she started to price the cartons in the third column, she reached above her head to remove the top crate and noticed it was ajar and not interlocked with the crate below. She indicated that when she went to take it down it began to slide and, although she attempted to grab it, it struck her in the left shoulder and side of head. The extent to which the positioning of the top crate was readily observable by plaintiff is relevant to the issue of comparative negligence and not to defendant's duty to stack the crates in a safe manner (*see, e.g., Gudenzi-Ruess v Custom Envtl. Sys.*, 212 AD2d 952). Therefore, Supreme Court properly denied defendant's motion for summary judgment.

Defendant further asserts that third-party defendant bears at least some responsibility for the accident at issue and, therefore, Supreme Court erred in dismissing the third-party complaint. In the instant case, the condition at issue was created by defendant's employee and there is no proof in this record that third-party defendant had either actual or constructive notice of the condition. Furthermore, inasmuch as the activity performed by plaintiff at the time of the accident was one requiring common sense, third-party defendant had no duty to provide any particular instruction (*see, Mangiafreno v Wikstrom Machs.*, 243 AD2d 690; *Lattanzi v International Bus. Machs. Corp.*, 237 AD2d 259, 260). Accordingly, Supreme Court properly dismissed the third-party complaint.

Crew III, Peters and Graffeo, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.