■ BARBARA J. PATRIE et al., Respondents, v J. ANDREW GORTON et al., Appellants. [699 NYS2d 218] —Carpinello, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered November 9, 1998 in Essex County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

On September 29, 1995, plaintiffs leased a house from defendants. On November 7, 1995, having resided in the premises for over a month, plaintiff Barbara J. Patrie (hereinafter Patrie) fell on the front sidewalk. The gravamen of this action against defendants is that the subject sidewalk constituted a dangerous and unsafe condition which defendants were obligated to warn about and repair. The complaint alleges that the concrete sidewalk was "broken, uneven and rough".

A landowner generally has no duty to correct or warn of a condition that is readily observable (i.e., open and obvious) to a person of ordinary intelligence employing the reasonable use of his or her intelligence (*see, Vliet v Crowley Foods*, 263 AD2d 941, 942; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892; *Binensztok v Marshall Stores*, 228 AD2d 534, 535; *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773; *Tarricone v State of New York*, 175 AD2d 308, 309, *lv denied* 78 NY2d 862). Here, it is undisputed that the condition of the sidewalk did not change between early October 1995, when plaintiffs began their tenancy, and the day of the accident one month later. It is equally undisputed that the condition of the sidewalk was open and obvious to Patrie, who testified at her deposition that she observed and walked over it on two occasions prior to signing the lease and thereafter observed and walked over it at least twice a day for over a month (*compare, Butzer v Scharf*, 263 AD2d 862). Plaintiff Philip Patrie similarly testified at his deposition that his wife was indeed aware of the condition of the sidewalk prior to her fall since "it was like that when we moved".

Under these circumstances, we conclude that as a matter of law the sidewalk was a readily observable condition which should have been—and indeed was—perceived by Patrie (*see, Hopson v Turf House*, 252 AD2d 796; *Gransbury v K Mart Corp., supra*, at 892; *Blecher v Holiday Health & Fitness Ctr.*, 245 AD2d 687; *Russell v Archer Bldg. Ctrs., supra*) such that summary judgment should have been awarded to defendants (*see, Wint v Fulton St. Art Gallery*, 263 AD2d 541; *cf., Butzer v Scharf, supra*). The dispute concerning who, as between the parties, was obligated to repair the sidewalk under the terms of the lease is sophistry and does not compel a contrary result.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, motion granted, summary judgment awarded to defendants and complaint dismissed.