■ ELLEN L. CARTUCCIO, Appellant, v KCMC TRUST, Respondent. [720 NYS2d 286] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered May 10, 2000 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff resided in a home, leased from defendant, where she attached a hammock to a utility pole in the backyard. In June 1997, she decided to remove what she believed to be two loose bolts on either end of a cross arm positioned on such pole. To accomplish this task, she utilized defendant's ladder and, after successfully removing both bolts, fell as she was descending. Suffering injuries to her left arm, she commenced this action alleging that the negligent use, maintenance and construction of defendant's property and equipment caused her fall.* After joinder and discovery, defendant successfully moved for summary judgment. This appeal ensued.

We affirm. While a landowner has a duty to maintain property in a reasonably safe condition to prevent injuries which are foreseeable, "[n]o duty exists to prevent or even * * * warn of conditions which can be readily perceived by the use of one's senses" (*Gransbury v K Mart Corp.*, 229 AD2d 891, 892; *see*, *Patrie v Gorton*, 267 AD2d 582, *lv denied* 94 NY2d 761; *Vliet v Crowley Foods*, 263 AD2d 941, 942). Defendant's proffer included photographs of the ladder which plaintiff independently decided to use to remedy the alleged defect. These photographs clearly depict its defective condition, including missing rungs, a bent shape and a significant tilt to one side. Upon these facts, including evidence that plaintiff was never asked to remove these bolts and had never made complaints to defendant that they posed a dangerous condition, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562).

Plaintiff's showing was insufficient. No viable evidence, other than her conjecture and surmise, supports her position that the bolts she removed constituted a dangerous condition (*see*,

* Plaintiff has abandoned her claim of liability premised upon a violation of Labor Law § 240 (1).

*Walsh v City School Dist.*, 237 AD2d 811, 812; *Smith v Curtis Lbr. Co.*, 183 AD2d 1018, 1019). Hence, defendant could not have reasonably foreseen that plaintiff would have attempted her own removal (*see, Tillman v Niagara Mohawk Power Corp.*, 199 AD2d 593, 594). Moreover, since the defective condition of the ladder was a readily observable condition which should have been perceived by plaintiff by the use of her senses before she attempted to use it (*see, Hopson v Turf House*, 252 AD2d 796, 797), defendant was under no duty to warn her of its obviously dangerous condition (*see, Blecher v Holiday Health & Fitness Ctr.*, 245 AD2d 687, 688).

For these reasons, Supreme Court properly granted the motion for summary judgment dismissing the complaint (*see, Patrie v Gordon*, 267 AD2d 582, 583, *supra*; *Hopson v Turf House*, 252 AD2d 796, 797, *supra*; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892, *supra*).

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.