[761 NYS2d 752]

Elizabeth A. MacDonald, Appellant, v City of Schenectady et al., Respondents.

Third Department, July 10, 2003

APPEARANCES OF COUNSEL

*Harding Law Firm*, Glenville (*Charles R. Harding* of counsel), for appellant.

*Friedman, Hirschen, Miller, Coughlin & Campito P.C.*, Schenectady (*Lynn M. Blake* of counsel), for City of Schenectady, respondent.

*Boeggeman, George, Hodges & Corde*, Albany (*M. Randolph Belkin* of counsel), for Rose Nejman, respondent.

OPINION OF THE COURT

Spain, J.

Plaintiff commenced this action to recover for injuries alleg-

edly sustained when she tripped on a crack in a sidewalk located outside premises owned by defendant Rose Nejman in the City of Schenectady, Schenectady County. The complaint alleges that defendants failed to "properly inspect, repair and maintain" the damaged sidewalk. The record reveals that the sidewalk had been in need of repair since defendant City of Schenectady removed a tree stump from the site approximately six years prior to plaintiff's accident. Based on plaintiff's admissions that she was aware of the condition of the sidewalk, having encountered it on a daily basis for over a month prior to the incident, defendants moved for summary judgment dismissing the complaint on the ground that the defect was open and obvious. Following precedent from this Court stating that "[a] landowner generally has no duty to correct or warn of a condition that is readily observable (i.e., open and obvious) to a person of ordinary intelligence employing the reasonable use of his or her intelligence" (*Patrie v Gorton*, 267 AD2d 582, 582 [1999], *lv denied* 94 NY2d 761 [2000]), Supreme Court granted the motions. Plaintiff appeals.

It is undisputed that the allegedly dangerous condition was readily observable and that plaintiff was well aware of it, indeed, even to the extent of pointing it out to a friend on a prior occasion. Under these circumstances, the open and obvious nature of the defect negated any duty that defendants, as landowners, owed plaintiff to warn of potentially dangerous conditions (*see Binensztok v Marshall Stores*, 228 AD2d 534, 535 [1996]; *De Rossi v Golub Corp.*, 209 AD2d 911, 912 [1994], *lv denied* 85 NY2d 804 [1995]; *Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *lv denied* 78 NY2d 862 [1991]; *Poerio v State of New York*, 144 AD2d 129, 131 [1988]). At issue, however, is whether the obviousness of the condition also negates the broader duty of landowners "to maintain their properties in reasonably safe condition" (*Di Ponzio v Riordan*, 89 NY2d 578, 582 [1997]; *see Comeau v Wray*, 241 AD2d 602, 603 [1997]; *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072 [1992]).

While cognizant that this Court has previously held that obviousness negates a landowner's duty to maintain his or her property under factually similar circumstances (*see Patrie v Gorton, supra*), and that language broadly stating that principle has made its way into a number of our other cases (*see e.g. Cartuccio v KCMC Trust*, 280 AD2d 831, 831 [2001]; *O'Leary v Saugerties Cent. School Dist.*, 277 AD2d 662, 663 [2000]; *Vliet v Crowley Foods*, 263 AD2d 941, 942 [1999]; *Hop-*

*son v Turf House*, 252 AD2d 796 [1998]; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892 [1996]),* we articulate a different rule today. The most recent authority on the issue from the Court of Appeals (*see Tagle v Jakob*, 97 NY2d 165 [2001]) and policy considerations lead us to conclude that the open and obvious nature of an allegedly dangerous condition does not, standing alone, necessarily obviate a landowner's duty to maintain his or her property in a reasonably safe condition.

In *Tagle v Jakob* (*supra* at 168), the Court addressed the scope of a landowner's duty:

"We begin with the rule articulated in *Basso v Miller* (40 NY2d 233, 241 [1976]). There, abolishing the distinctions among trespassers, licensees and invitees, we held that New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition. Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm."

Thus, if a court finds, as a matter of law, that a duty of care exists, the issues of whether the premises were in a reasonably safe condition, whether the plaintiff's presence on the premises was reasonably foreseeable, whether the defendant was negligent in not keeping the premises in a reasonably safe condition, whether the defendant's negligence was a substantial factor in causing the plaintiff's injury, and whether the plaintiff's conduct was also negligent, remain for trial.

---

* Notably, the resolution of these cases was not ultimately premised on the rule that obviousness negates any duty to repair or maintain. In *Cartuccio v KCMC Trust* (*supra*), we held that the plaintiff had failed to demonstrate any dangerous condition (*id.* at 831, 831-832), and in *Vliet v Crowley Foods* (*supra*), we affirmed an order denying summary judgment on open and obvious grounds (*id.* at 942). In other situations, the Court has employed this language when explaining that an open and obvious but non-defective condition will not give rise to a duty to warn of the condition or to prevent a plaintiff from coming into contact with it (*see O'Leary v Saugerties Cent. School Dist.*, 277 AD2d 662, 663 [2000] [no duty to prevent injuries of a plaintiff who tripped over a clearly apparent curb divider]; *Hopson v Turf House*, 252 AD2d 796, 797 [1998] [no duty to warn or prevent a plaintiff from walking into a readily observable floor planter island]; *Gransbury v K Mart Corp.*, 229 AD2d 891, 892 [1996] [affirming dismissal of complaint where the plaintiff walked into post openly and obviously situated to prevent shopping carts from leaving the area]).

From these general principles, the Court of Appeals moved into an analysis of the duty to maintain and the duty to warn, addressing these as distinct issues and, significantly, applying the open and obvious danger defense only to the duty to warn (*Tagle v Jakob, supra* at 169). After finding that the open and obvious nature of the defect defeated any claim based on the duty to warn, in a separate analysis, the Court held that the landowner's duty to maintain the property was dispensed with on another ground, her status as a servient landowner (*id.* at 169). The structure of the Court's analysis suggests that the obviousness of the allegedly dangerous condition did not negate the duty to maintain as a matter of law (*see Michalski v Home Depot*, 225 F3d 113, 121 [2000]).

The rule of law which imposes no duty to warn against obvious dangers is founded in the rationale that, "[u]nder such circumstances, the condition is a warning in itself" (*Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *supra; see Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072-1073 [1992], *supra*). Stated otherwise, " 'there should be no liability for failing to warn someone of a risk or hazard which he [or she] appreciated to the same extent as a warning would have provided' * * * as no benefit would be gained by requiring a warning" (*Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998], quoting Prosser and Keeton, Torts § 96, at 686 [5th ed]). The same rationale simply does not hold true with respect to a landowner's more general duty to maintain its property in a reasonably safe condition. "Judicial recognition of a duty of care must be based upon an assessment of its efficacy in promoting a social benefit as against its costs and burdens" (*Peralta v Henriquez*, 100 NY2d 139, 145 [2003]). The societal benefit to imposing a duty to maintain one's premises in a reasonably safe condition remains even where the dangerous condition is obvious. Notably, this Court has repeatedly articulated the fact that a landowner's duty to maintain its premises is separate and distinct from the duty to warn of latent, hazardous conditions (*see e.g. Gohar v Albany Hous. Auth.*, 288 AD2d 657, 658 [2001]; *Cartuccio v KCMC Trust*, 280 AD2d 831 [2001], *supra; Sadler v Town of Hurley*, 280 AD2d 805, 806 [2001]; *Hendrickson v Ryan*, 262 AD2d 930, 930 [1999]; *Blecher v Holiday Health & Fitness Ctr. of N.Y.*, 245 AD2d 687, 687 [1997]; *Comeau v Wray*, 241 AD2d 602, 603 [1997], *supra*).

A contrary rule of law would permit a landowner to persistently ignore an extremely hazardous condition—regardless of how foreseeable it might be that injuries will result from such

condition—simply by virtue of the fact that it is obvious and apparent to onlookers. In our view, the extent that a danger is obvious is a factor which, like the status of the plaintiff on the property, will impact the foreseeability of an accident and the comparative negligence of the injured party, but will not, as a matter of law, relieve a landowner of all duty to maintain his or her premises. Here, although the defect was open and obvious and plaintiff was aware of the condition of the premises, we cannot state that no duty of care existed (*see e.g. Chambers v Maury Povich Show*, 285 AD2d 440, 440 [2d Dept, 2001]; *Tuttle v Anne LeConey, Inc.*, 258 AD2d 334, 335 [1st Dept, 1999]; *Morgan v Genrich*, 239 AD2d 919, 920 [4th Dept, 1997]; *see also Peralta v Henriquez, supra* at 144-145; *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Smith v Zink*, 274 AD2d 885, 886 [2000]; *but see Czorniewy v Mosera*, 298 AD2d 352 [2002]).

CARDONA, P.J., PETERS, CARPINELLO and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motions denied.