■ HERBERT COHEN, Appellant, v SHOPWELL, INC., et al., Respondents. [765 NYS2d 40] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 25, 2001, which granted defendants' motion and cross motions for summary judgment dismissing the complaint and all cross claims, unanimously reversed, on the law, without costs, the motion and cross motions denied, and the complaint and all cross claims reinstated.

Plaintiff visited a supermarket while a renovation project was underway. Upon arriving at the aisle he desired, plaintiff found his path obstructed by three renovation workers lying prone on the floor, with their heads under a counter and their legs extending nearly all the way across the aisle. Plaintiff successfully stepped over the legs of all three workers when he passed in one direction. When plaintiff returned in the other direction, he successfully stepped over two of the workers. While plaintiff was stepping over the third worker, however, the man raised his leg, causing plaintiff to trip and fall. In plaintiff's ensuing personal injury action against the owner of the supermarket and certain contractors involved in the renovation project, the IAS court granted defendants summary judgment dismissing the complaint on the ground that, in view of plaintiff's admitted awareness of the workers' presence, the

accident was "entirely the fault of plaintiff and cannot be said to result from any dangerous condition created by any of the movants."

We reverse. It is a question for the jury whether the supermarket or its contractors created an unreasonably dangerous condition by conducting the renovation work in question, which required the workers to extend their legs across an aisle, while the aisle was open to shoppers. Although there are cases where, based on undisputed facts, the risk that harm will arise from the condition at issue is so remote as to be unforeseeable as a matter of law (*see e.g. Pinero v Rite Aid of N.Y.*, 99 NY2d 541 [2002], *affg* 294 AD2d 251 [2002]; *Pepic v Joco Realty*, 216 AD2d 95, 96 [1995]), this is not such a case. Should the jury conclude that an unreasonably dangerous condition existed, the facts that the condition was readily observable, and that it was actually observed by plaintiff, who nonetheless stepped over the workers without alerting them to his presence, are factors to be considered by the jury in determining the issue of comparative fault (*see MacDonald v City of Schenectady*, 308 AD2d 125, 128-129 [2003]; *Sanchez v Lehrer McGovern Bovis*, 303 AD2d 244, 245 [2003]; *Gaffney v Port Auth.*, 301 AD2d 424 [2003]; *Orellana v Merola Assoc.*, 287 AD2d 412, 413 [2001]; *Smith v Zink*, 274 AD2d 885, 886 [2000]). We observe that this case, arising from an incident that occurred inside a supermarket, is not controlled by the well-established principle that a landowner has no duty to protect the public from open and obvious hazards of the natural landscape (*see Tushaj v City of New York*, 258 AD2d 283, 284 [1999], *lv denied* 93 NY2d 818 [1999]; *Tarricone v State of New York*, 175 AD2d 308, 310 [1991], *lv denied* 78 NY2d 862 [1991]).

We point out that the question concerning defendants' conduct to be answered at trial is whether defendants were negligent in *creating or permitting* the condition that led to plaintiff's injury, not whether they were negligent in *failing to warn* plaintiff of the existence of that condition. The Court of Appeals has recently made it clear that "a landowner has no duty to warn of an open and obvious danger" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]), and that "a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion" (*id.*, citing *Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]; *see also MacDonald*, 308 AD2d at 126, 128-129). In this case, there is no question that the risk in question was open and obvious, as plaintiff admits that he was fully aware of the workers' legs as he stepped over them. Since a warning of the workers' known

presence "would have added nothing to [plaintiff's] appreciation of the danger, no duty to warn exist[ed] as no benefit would [have been] gained" from giving such a warning (*Liriano*, 92 NY2d at 242). In this regard, we note our agreement with the Third Department's recent holding that the duty to maintain premises in a reasonably safe condition is analytically distinct from the duty to warn, and that liability may be premised on a breach of the duty to maintain reasonably safe conditions even where the obviousness of the risk negates any duty to warn (*MacDonald*, 308 AD2d at 128-129). Concur—Andrias, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.