■ CRAIG ENGLAND et al., Appellants, v VACRI CONSTRUCTION CORPORATION, Respondent. [807 NYS2d 669]—

Peters, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered September 23, 2004 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Craig England (hereinafter plaintiff), an inspector with the Department of Transportation, was injured in January

1999 when he struck his head on a low pipe extending across a doorway in the basement of a building where defendant was performing construction work. It is uncontested that during the course of defendant's work, plaintiff had performed prior inspections at this site and that defendant was performing its work pursuant to a contract with the State of New York.

Plaintiff and his wife, derivatively, commenced this action alleging causes of action under common-law negligence and Labor Law §§ 200 and 241. Defendant successfully moved for summary judgment and plaintiffs appeal.

Initially, we agree that plaintiff is a "covered" person under the Labor Law and, therefore, able to invoke its protections. Defendant was under contract with the State and plaintiff was performing essential on-going inspections of its work under this contract during the course of the actual alteration and demolition of the building. With the record lacking proof concerning the State's ownership interest in the property, Supreme Court correctly concluded that plaintiff must be considered a covered person under the Labor Law (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 880-881 [2003]; *Campisi v Epos Contr. Corp.*, 299 AD2d 4, 7 [2002]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [2000]); under these facts, *Nelson v Sweet Assoc., Inc.* (15 AD3d 714, 715 [2005]) does not hold to the contrary.

Addressing the Labor Law § 241 (6) claim, owners and contractors have a nondelegable duty to provide " 'reasonable and adequate protection and safety' to employees working in, and persons lawfully frequenting, '[a]ll areas in which construction, excavation or demolition work is being performed' " (*Jock v Fien*, 80 NY2d 965, 968 [1992], quoting Labor Law § 241 [6]). However, to successfully impose vicarious liability thereunder, plaintiffs must allege that there was a violation of a concrete regulation of the Industrial Code requiring a specific standard (*see* Labor Law § 241 [6]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-349 [1998]); plaintiffs here alleged a violation of 12 NYCRR 23-1.30, a regulation detailing the minimum amount of illumination required under these working conditions.[1]

Defendant, in support of its motion for summary judgment, proffered plaintiff's testimony and that of two of its employees to describe the lighting. Defendant further submitted an affida-

---

1. 12 NYCRR 23-1.30 provides: "Illumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction, demolition and excavation operations, but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any passageway, stairway, landing or similar area where persons are required to pass."

vit from an engineer, specializing in facilities engineering, who had performed lighting design and research. He opined that before he could assess whether the lighting complied with the standards set forth in 12 NYCRR 23-1.30, he needed to know certain information about the equipment used on that day, along with the facility's floor plan, including the absorption or reflective coefficient of the pipe, wall, ceiling or floor. Contending that the area "has probably been sufficiently changed," without explaining a basis for such belief, he asserted that the lack of data made it impossible for him to render an engineering judgment. While we acknowledge defendant's contention that evidence demonstrating plaintiffs' inability to prove an essential element of a cause of action could warrant summary dismissal (*see Wiwigac v Snedaker*, 282 AD2d 801, 803 [2001]), defendant's proffer was wholly insufficient (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, we need not address the sufficiency of plaintiff's expert response.

Next evaluating defendant's proffer concerning the Labor Law § 200 (1) claim, such statute codifies the common-law duty of a landowner and general contractor to furnish workers with a reasonably safe place to work (*see Lombardi v Stout*, 80 NY2d 290, 294 [1992]; *Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]). While it was undisputed that the allegedly dangerous condition of the pipe was readily observable and well known to plaintiff prior to the accident,[2] these circumstances merely "negated any duty that defendant[ ] . . . owed plaintiff to warn of potentially dangerous conditions" (*MacDonald v City of Schenectady*, 308 AD2d 125, 126 [2003]); they do not, without more, obviate the duty to provide a reasonably safe workplace (*see Bilinski v Bank of Richmondville*, 12 AD3d 911, 911 [2004]; *MacDonald v City of Schenectady, supra* at 127).[3] Inasmuch as "[s]ummary judgment is the procedural equivalent of a trial" (*Jehle v Hertz Corp.*, 174 AD2d 812, 813 [1991]), we find plaintiffs to have sufficiently raised a triable issue of fact to preclude dismissal of the complaint.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered

---

2. It appears that a warning sign was posted on the pipes stating "caution . . . low headroom."

3. In *MacDonald v City of Schenectady (supra)*, taking our lead from *Tagle v Jakob* (97 NY2d 165 [2001]), we proclaimed our marked departure from established precedent on the issue of whether an open and obvious condition will negate the duty of a landowner to maintain property in a reasonably safe condition. While we recognize that *MacDonald* did not emerge from a Labor Law context, we find its principles applicable to a claim made under Labor Law § 200 since it codifies the common law. With the instant action further including a claim for negligence, our proclamation in *MacDonald* applies.

that the order is reversed, on the law, with costs, and motion denied.