Sullivan v Flynn (2025 NY Slip Op 06773)

Sullivan v Flynn

2025 NY Slip Op 06773

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-1643
[*1]Loren S. Sullivan, Appellant,
v
Gerald R. Flynn et al., Respondents. (And a Third-Party Action.)

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Powers and Mackey, JJ.

Hacker Murphy LLP, Schenectady (Benjamin F. Neidl of counsel), for appellant.
O'Connor, O'Connor, Bresee & First, PC, Albany (Samantha V. Vedder of counsel), for respondents.

Pritzker, J.
Appeal from an order of the Supreme Court (Robert Muller, J.), entered September 4, 2024 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.
Third-party defendants (hereinafter collectively referred to as the homeowners) were building a new home and placed an order for custom kitchen cabinetry with plaintiff. The homeowners had contracted with defendants for the construction of the home. While construction was underway, plaintiff visited the premises to take measurements of the kitchen and tripped on a wooden construction brace running at a 45-degree angle from the ceiling to the floor that was in the middle of the kitchen, resulting in injuries to his leg. Plaintiff thereafter commenced this action against defendants, asserting claims for common-law negligence and violations of Labor Law § 200 based upon allegations that defendants failed to maintain the premises in a safe condition and failed to warn plaintiff about the dangerous nature of the brace. Defendants answered and asserted various affirmative defenses, including that plaintiff's injuries were caused by his own culpable conduct.[FN1] Following discovery, defendants moved for summary judgment dismissing the complaint arguing, among other things, that the brace was necessary and customary in home construction and was not inherently dangerous. Plaintiff opposed, relying on an expert affirmation asserting, among other things, that because defendants placed the brace in the middle of the kitchen, they did not provide a safe workplace. Following oral argument, Supreme Court granted defendants' motion, concluding that defendants did not have a duty to warn, and any failure by defendants to maintain a safe premises was not a substantial factor in causing plaintiff's injuries because the brace was readily observable and any hazard it posed was inherent in the prevailing circumstances. Plaintiff appeals.
We reverse. "Labor Law § 200 (1) . . . codifies the common-law duty of a landowner and general contractor to furnish workers with a reasonably safe place to work" (England v Vacri Constr. Corp., 24 AD3d 1122, 1124 [3d Dept 2005] [citations omitted]; see James v Marini Homes, LLC, 234 AD3d 1078, 1081 [3d Dept 2025]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed. [As relevant here, u]nder the first category, a general contractor may be held liable in common-law negligence and under Labor Law § 200 if it created the dangerous condition or had control over the work site and actual or constructive notice of the dangerous condition" (Edwards v State Univ. Constr. Fund, 196 AD3d 778, 780 [3d Dept 2021] [internal quotation marks and citations omitted]). Inasmuch as it is not disputed that defendants created the condition as they installed the wooden brace in the middle [*2]of the kitchen floor, the issue presented on appeal distills to whether this constituted a dangerous condition.
Here, defendants failed to meet their prima facie burden as questions of fact remain as to whether defendants maintained the worksite in a reasonably safe condition, precluding summary judgment. In support of their argument that the installation of the wooden brace in the middle of the kitchen did not constitute a dangerous condition, defendants presented an affidavit of David Rubin, a former CEO of a general contracting firm with 45 years of experience in the field of general construction. Rubin reviewed, among other things, photographs of the worksite and observed there were two-by-four wooden braces set up throughout the home that were "necessary and fundamental to the construction process." He explained that the brace plaintiff tripped over was "conspicuous and not hidden from sight, and indeed, plaintiff had already seen that particular brace prior to his incident." Ultimately, he opined that neither the use nor the placement of the brace was negligent as it was necessary to support the structure at that stage of construction.
Although Rubin placed great emphasis on the fact that the brace was open and obvious and that plaintiff saw it prior to his fall, this Court has repeatedly held that "the open and obvious nature of an allegedly dangerous condition does not, standing alone, necessarily obviate a [general contractor's] duty to maintain [the worksite] in a reasonably safe condition" (MacDonald v City of Schenectady, 308 AD2d 125, 127 [3d Dept 2003]; see England v Vacri Constr. Corp., 24 AD3d at 1124). Rather, the readily observable nature of the wooden brace "merely negated any duty that defendant[s] owed plaintiff to warn of [the] potentially dangerous condition[ ]" (England v Vacri Const. Corp., 24 AD3d at 1124 [internal quotation marks, ellipsis and citation omitted]; see Coleman v Crumb Rubber Mfrs., 92 AD3d 1128, 1131 [3d Dept 2012]).[FN2] Nor does plaintiff's testimony at his deposition that he saw the wooden brace prior to his fall defeat his claim as his "previous knowledge of a defective condition, if any, may be considered by a jury in assessing comparative negligence" (Finnigan v Lasher, 90 AD3d 1286, 1287 [3d Dept 2011]; see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1118 [3d Dept 2014]). Accordingly, "[v]iewing the evidence in the light most favorable to plaintiff as the nonmoving party, a question of fact remains as to whether defendants' [worksite was] maintained in a reasonably safe condition. That question is for the trier of fact to resolve" (Wolfe v Staples, Inc., 224 AD3d 1126, 1127-1128 [3d Dept 2024] [internal citation omitted]; see Hawver v Steele, 204 AD3d 1125, 1128 [3d Dept 2022]; Barley v Robert J. Wilkins, Inc., 122 AD3d at 1118). We have examined plaintiff's remaining contentions and, to the extent not specifically addressed herein, find them without merit.
Clark, J.P., Powers and Mackey, JJ., [*3]concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: Defendants also filed a third-party complaint against the homeowners.

Footnote 2: Plaintiff's argument relative to defendants' duty to warn of an allegedly dangerous condition has been waived as plaintiff's attorney, in his affirmation in opposition to defendants' summary judgment motion, stated that "[p]laintiff does not argue that a warning was required" and then specified that the duty breached was defendants' "duty to maintain a safe workplace" (see Harris Bay Yacht Club v Harris, 230 AD2d 931, 933-934 [3d Dept 1996]).