■ The People of the State of New York ex rel. Arthur Wagner on Behalf of Bertram Gross, Respondent, v. Sheriff of the City of New York, Respondent. Ann Gross, Appellant.— Appeal by Ann Gross, the wife of Bertram Gross, from a judgment of the Supreme Court, Nassau County, dated February 9, 1968, which sustained Bertram Gross' habeas corpus writ upon payment of $75, plus Sheriff's fees of $3.75. Judgment reversed, on the law, with $10 costs and disbursements, and proceeding remitted to the Special Term for a hearing as to whether Bertram Gross did in fact comply with the terms of an order of the Supreme Court, Nassau County, dated October 2, 1967, which had adjudged him in contempt of court and had provided for him to purge himself of that contempt. Findings of fact, if any, have not been affirmed. Since no record was made of the hearing on the habeas corpus writ, we have been unable to ascertain on exactly what ground(s) the writ was sustained. In the interests of justice, a new hearing on the record is in order. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ Clara A. Rill, an Infant, by Woodrow W. Rill, Her Guardian ad Litem, et al., Respondents, v. Joseph Chiarella, Doing Business under the Name of Legion Fireworks Company, et al., Appellants-Respondents, Incorporated Village of Tuckahoe, Appellant, et al., Defendants. Dorothy P. Savage et al., Respondents, v. Joseph Chiarella, Doing Business under the Name of Legion Fireworks Company, et al., Appellants-Respondents; Incorporated Village of Tuckahoe, Appellant, et al., Defendants.— In this consolidated action to recover damages for personal injuries and upon derivative causes, defendant Village of Tuckahoe appeals from so much of a judgment of the Supreme Court, Westchester County, entered April 28, 1966 after a nonjury trial, as is in favor of plaintiffs against it and as dismissed its cross complaints against the other defendants; defendant Town of Eastchester appeals from so much of the judgment as is in favor of plaintiffs against it; and defendant Chiarella appeals, as limited by his brief, from so much of the judgment as is in favor of plaintiffs against him and is in favor of defendant Tuckahoe Hose Co. No. 1, Inc., against it upon a cross complaint. (Appeals by plaintiffs and Tuckahoe Hose Co. No. 1, Inc., have been withdrawn or discontinued.) Judgment modified, on the law and the facts, by (1) striking out so much of the decretal paragraphs one to eight, inclusive, as grants judgment, inclusive of costs, in favor of plaintiffs against defendant Incorporated Village of Tuckahoe; and (2) substituting therefor a decretal paragraph dismissing the complaints of all plaintiffs as against said defendant, with costs. As so modified, judgment affirmed, with one bill of costs to said defendant jointly against plaintiffs appearing separately and with one bill of costs jointly to plaintiffs appearing separately, payable jointly by defendants Chiarella and The Town of Eastchester. It was error to hold that defendant Village of Tuckahoe was liable for failure to require full compliance with section 1894-a of the Penal Law before a permit for fireworks could be issued. The proof was insufficient to establish that such failure was a proximate cause of the accident. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.