ERIC MORANG, an Infant, by CHARLES MORANG, His Father and Guardian, et al., Respondents, v JOHN R. BURNETT,

Jr. et al., Defendants, and BURNETT EXCAVATING, INC., et al., Appellants. [628 NYS2d 863] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 3, 1994 in Albany County, which, *inter alia*, denied motions by defendants Burnett Excavating, Inc. and Ed Yaggle, Jr. for summary judgment dismissing the complaint against them.

On July 4, 1989, defendant Ed Yaggle, Jr. staged a fireworks display, allegedly with the permission of defendants John Burnett, Sr. (hereinafter Burnett, Sr.) and his wife, Emma Burnett, in the vicinity of property owned by the Burnetts and used, in part, as their personal residence and, in part, for the business purposes of defendant Burnett Excavating, Inc., a corporation wholly owned by Burnett, Sr. Plaintiff, who was 14 years old at the time, had come to the property with Yaggle and Yaggle's 17-year-old brother, Michael, to watch the display.

Throughout the evening, plaintiff and Michael, who were playing in the area, exploded firecrackers and bottle rockets. According to the boys' depositions, Burnett, Sr.'s adult son, defendant John Burnett, Jr. (hereinafter Burnett, Jr.), was also discharging fireworks on the property during the evening. Michael testified that he and plaintiff were engaged in a game of "war" against Burnett, Jr., but plaintiff disputes this, claiming that he at no time fired explosives toward anyone, and was merely trying to escape those that Burnett, Jr. aimed at him. At approximately 11:00 P.M., after the display was over, plaintiff was hit in the right eye by a fireworks device (which he called a "missile") that was assertedly fired by Burnett, Jr., causing loss of the eye, and prompting this action. At issue on appeal is the propriety of Supreme Court's denial of Yaggle's and Burnett Excavating's motions for summary judgment dismissing the complaint.

In view of the factual questions that remain unresolved, it cannot be said that either of these defendants has satisfactorily demonstrated that it is without legal responsibility for plaintiff's injury as a matter of law. There is evidence that Yaggle provided some of the fireworks discharged by Michael and plaintiff during the evening. The boys' use of these explosives may have encouraged Burnett, Jr. to engage in similar behavior, or to direct his "missiles"—some of which he could have obtained from Yaggle's car—toward them particularly. As "sponsor" of the display and custodian of a large supply of dangerous fireworks, Yaggle was obliged to exercise a high degree of care to see to it that they did not fall into the hands of irresponsible parties (*see, Kingsland v Erie County Agric. Socy.*, 298 NY 409, 423-424). There is ample evidence in

the record from which it could be reasonably concluded that Yaggle breached this duty.

As for Burnett Excavating, the depositions disclose that Burnett, Sr. may have given Yaggle permission to conduct the fireworks display on land possessed or controlled by the corporation, and provided Yaggle with a platform from which to launch fireworks and a spotlight and a propane torch to use while doing so, all of which were owned by the corporation. Having facilitated the presentation of the fireworks show in this manner, the corporation had a duty to provide reasonable supervision of its property and of the event to protect those present from the dangerous explosives involved (*see, Kingsland v Erie County Agric. Socy., supra*, at 432; *cf., Rill v Chiarella*, 50 Misc 2d 105, 112, *mod on other grounds* 30 AD2d 852, *affd* 25 NY2d 702). If the corporation was, or reasonably should have been, aware of Burnett, Jr.'s dangerous activities, it had an obligation to attempt to control his conduct for the protection of others foreseeably present, such as plaintiff, who might be injured thereby (*see, D'Amico v Christie*, 71 NY2d 76, 85; *Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d 306, 309-310).

On this record, as currently developed, it cannot be determined whether, when he ventured out of his house just before dark to assist Yaggle, Burnett, Sr., the corporation's president and sole owner, had an opportunity to observe that anyone other than Yaggle was in possession of, or exploding, fireworks, or whether the circumstances then prevailing should have alerted him to the possibility that a dangerous situation was likely to arise (*see, Comeau v Lucas*, 90 AD2d 674).

Both Burnett Excavating and Yaggle contend that plaintiff's assumption of the risk, and the claimed intervening act of Burnett, Jr.'s intentional firing of a "missile" at plaintiff, relieve them of liability for plaintiff's injuries. Viewed in the light most favorable to plaintiff, however, the record supports a finding that plaintiff did not voluntarily participate in a "war" or a game of "cat and mouse" with Burnett, Jr. or, if he did, that he was not, at age 14, sufficiently aware of the risk inherent in doing so to have legally assumed that risk (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657; *Maddox v City of New York*, 66 NY2d 270, 278; *Mangione v Dimino*, 39 AD2d 128, 131). And, inasmuch as the possibility of a third party acting recklessly with fireworks would be a "foreseeable, normal, and natural result" of Yaggle's failure to maintain control over dangerous items (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316), or of the corporation's failure to adequately supervise

a hazardous event it had allowed to occur on its property, the fact that Burnett, Jr.'s alleged conduct was the direct cause of plaintiff's injuries does not serve to absolve Burnett Excavating and Yaggle from liability (*see, Kush v City of Buffalo*, 59 NY2d 26, 33; *Kingsland v Erie County Agric. Socy.*, 298 NY 409, 424, *supra*).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.