■ GASPER GONZALEZ et al., Respondents, v JOHN B. LOVETT ASSOCIATES, LTD., Appellant. [675 NYS2d 72] —Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 30, 1997, which, upon a jury verdict, *inter alia*, apportioned fault 90% against appellant and 10% against Anthony Naglieri, and awarded plaintiff Gasper Gonzalez damages, structured pursuant to CPLR article 50-B, based upon the jury verdict of $2,000,000 for past pain and suffering and $1,500,000 for future conscious pain and suffering, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering and to remand the matter for a new trial respecting damages for past and future pain and suffering only, and otherwise affirmed, without costs, unless plaintiff, within 30 days of entry of this order, stipulates to reduce the verdict for past pain and suffering to $1,000,000 and to reduce the verdict for future pain and suffering to $1,000,000, and to the entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered on or about November 17, 1997, denying defendant's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Plaintiff Gasper Gonzalez, a maintenance worker employed by a residential cooperative corporation, was blinded in one eye, when, during the course of his employment, he was struck in the face by a bottle rocket launched by a co-worker. The bottle rocket had been launched at the cooperative's annual Fourth of July party. Plaintiff thereafter commenced this action against defendant John B. Lovett Associates (Lovett), the cooperative corporation's managing agent, seeking damages for his injuries upon the theory that those injuries were substantially attributable to Lovett's failure to discharge its obligation to adequately supervise his co-worker and the conduct of the cooperative's Fourth of July party. Contrary to Lovett's contention, the firing of the bottle rocket by plaintiff's co-worker was not, as a matter of law, the superseding cause of plaintiff's harm. There was evidence from which the jury could have

concluded, as it evidently did, that the discharge of fireworks at the cooperative's Fourth of July party was foreseeable to Lovett; Lovett knew that fireworks had been discharged at the annual event in years past. In addition, the evidence permitted the conclusion that Lovett managed all aspects of the cooperative's affairs, that it issued and implemented rules of conduct for the cooperative's employees and, indeed, that it hosted and paid for the party in question. Therefore, the jury could have reasonably concluded that Lovett had supervisory responsibility for the running of the party and the conduct of plaintiff's co-worker in connection therewith and that that responsibility included taking reasonable measures to protect those in attendance against foreseeable harm, which included such harm as might ensue from the discharge of fireworks (*see, Morang v Burnett*, 216 AD2d 835, 836).

Similarly, we do not find the jury's apportionment of fault to be contrary to the weight of the evidence. The evidence permitted the jury fairly to conclude (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 745) that the risk of harm such as that suffered by plaintiff proceeded most fundamentally from defendant's negligence in failing to discourage or warn against the discharge of fireworks at the party, and, thus, to assign responsibility as it did.

We do find, however, that the damages awarded for past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances. While we recognize that plaintiff's injury was traumatic, painful, and to some extent permanently debilitating, plaintiff was nonetheless able to return to work three months after the accident. Accordingly, we modify to the extent indicated (*see, Ayala v S. S. Fortaleza*, 216 AD2d 203, *lv denied* 87 NY2d 808; *Davis v Board of Educ.*, 168 AD2d 261, *lv denied* 78 NY2d 862; *LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173, *lv denied* 74 NY2d 624).

Appellant's claim that the judgment was improperly calculated is unpreserved and we decline to reach it. In any event, in view of our modification, the judgment will not stand as is.

We have reviewed appellant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.