■ State of New York, Respondent, v Rice Mohawk U.S. Construction Co., Ltd., Respondent, and URS Consultants,

INC., Appellant. (And a Third-Party Action.) [692 NYS2d 43] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about January 15, 1998, which, to the extent appealed from as limited by the briefs, granted the motion of defendant URS Consultants, Inc. (URS) for a declaration that defendant and third-party plaintiff Rice Mohawk U.S. Construction Co., Ltd. (Rice Mohawk) and third-party defendant Yonkers Contracting Co., Inc. (Yonkers) are obligated to defend and indemnify URS for all costs and expenses, including counsel fees, incurred by it in both this action and the underlying action, *Gregorio v State of New York*, only insofar as to declare that Rice Mohawk shall indemnify URS for all costs and expenses in the defense of the underlying *Gregorio* action, unanimously reversed, on the law, without costs, and the motion granted to declare that URS is entitled to indemnification from Rice Mohawk for all its costs and expenses, including attorneys' fees, incurred in this action.

The IAS Court correctly determined that the State's contract with third-party defendant Yonkers for the rehabilitation of the Meeker Avenue viaduct in Brooklyn, and Yonkers's subcontract with defendant and third-party plaintiff Rice Mohawk, which incorporates the prime contract and its indemnification clause, require Rice Mohawk to indemnify and hold harmless not only the State but any consultants, such as defendant URS, retained by the State. However, it erroneously awarded URS indemnification for its counsel fees incurred in the underlying *Gregorio* action brought by the Public Administrator for the death of an ironworker employed by Yonkers on the project, an action to which URS was not a party and in which it did not participate. On the contrary, URS is entitled to indemnification for its costs and expenses, including counsel fees, in defending this action pursuant to the clear terms of the broad indemnification clause, which requires Rice Mohawk to indemnify and save harmless the State and its consultants from "suits, actions, damages and costs of every name and description resulting from the work" under its subcontract, except any suits arising out of the sole negligence of the State or, as pertinent here, its consultants, and obliges Rice Mohawk, at its own expense, to defend "any action or proceeding which may be brought against the parties specified", including the State and URS, which obligation "shall include the cost of attorney fees, disbursements, costs and other expenses incurred in connection with such action or proceeding".

This is not a situation covered by the general rule barring

recovery of attorneys' fees in an action to establish the right to indemnification (*see, Perchinsky v State of New York*, 232 AD2d 34, 39, *lv denied in part and dismissed in part* 91 NY2d 830). Here, rather than impleading URS in the underlying *Gregorio* action, the State brought this separate action against Rice Mohawk and URS for indemnification for the amount of any verdict or judgment obtained against the State in the *Gregorio* action. Since a "third-party action conveys no greater rights than could be obtained if the action were brought independently" (*DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 271), conversely URS should not lose the benefit of the indemnification clause simply because the State sought indemnification against it in a separate action, which, like the underlying *Gregorio* action, clearly results from Rice Mohawk's work on the project.

Finally, the parties improperly refer to URS's motion to resettle the judgment appealed from and include such motion papers and the resulting decision in the appendix. Such decision, which directed that an order be resettled, is not itself appealable and no order was resettled in accordance with its provisions. Thus, as the State points out, absent good cause shown, such failure must be deemed an abandonment of URS's motion (22 NYCRR 202.48 [b]). Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.