■ WILLIAM LEONARDO et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents, and ALL-NU GENERAL CONTRACTING CORP., Appellant, et al., Defendant. CMA ENTERPRISES, LTD., Third-Party Plaintiff, v DYNAMIC PLUMBING CONSULTANTS CORP., Third-Party Defendant-Appellant. (And Another Action.) (Action No. 1.) JECHIL KOPF, Respondent, v CMA ENTERPRISE, LTD., et al., Respondents, and ALL-NU GENERAL CONTRACTORS CORP., Appellant, et al., Defendants. (And Other actions.) (Action No. 3.) [719 NYS2d 234] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about December 17, 1998, which, *inter alia*, set aside a jury verdict finding all defendants negligent but that the negligence of third-party defendant Dynamic Plumbing Consultants Corp. and its employee plaintiff William Leonardo was not a proximate cause of the accident, and held that Leonardo and Dynamic were negligent as a matter of law and that their negligence proximately caused the incident, and ordered a new trial on apportionment and damages only, unanimously affirmed, without costs.

The court properly set aside the verdict since plaintiff William Leonardo, president of third-party defendant Dynamic Plumbing Consultants Corp., conceded that the explosion occurred after he flicked a lighter in a room into which gas had escaped. Although plaintiffs' expert, the only expert to testify at trial, offered the opinion that Leonardo's actions were not the proximate cause of the accident, expert testimony, even when uncontroverted, is not necessarily conclusive (*see,*

*Galimberti v Carrier Indus.*, 222 AD2d 649). Indeed, given the dispositive nature of Leonardo's concession, the court properly decided the proximate cause issue as a matter of law (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *cf., Browne v Pikula*, 256 AD2d 1139). The court also properly determined that Leonardo's act did not constitute a supervening act negating the negligence of defendants Con Edison and All-Nu in permitting gas to escape into the room where the explosion occurred (*see, Derdiarian v Felix Contr. Corp., supra*, at 315-316; *Gonzalez v Lovett Assocs.*, 252 AD2d 355, *lv denied* 92 NY2d 816).

We have considered the defendants-appellants' remaining contentions for affirmative relief and find them unavailing. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.