■ MICHAEL LALLY, Appellant-Respondent, v JGN CONSTRUCTION CORP., Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. SANITATION SALVAGE CORP., Third-Party Defendant-Appellant-Respondent. [743 NYS2d 451] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered February 14, 2001, which, inter alia, denied defendant JGN's posttrial motion for a directed verdict dismissing plaintiff's negligence and Labor Law § 200 claims and reduced the jury's damage award, unanimously modified, on the law and the facts, defendant JGN's motion for a directed verdict granted and damages award vacated, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant JGN Construction Corp. dismissing the complaint as against it and in favor of third-party defendant Sanitation Salvage Corp. dismissing the third-party complaint.

On January 2, 1995, plaintiff, an employee of Sanitation Salvage Corp. (hereinafter Sanitation), a garbage removal service, sustained serious personal injuries in the course of removing a dumpster from the work site when a chain being used to drag the dumpster along the ground snapped. Sanitation was hired by JGN Construction Corp. (hereinafter JGN), the general contractor, to remove construction debris from the work site.

After trial, the jury found, inter alia, that JGN was 60% negligent and Sanitation was 40% negligent and that their

negligence was a substantial factor in causing plaintiff's injuries, and awarded damages. Sanitation moved, inter alia, to set aside the jury's finding of liability under common-law negligence and Labor Law § 200. JGN cross-moved to set aside the verdict and the plaintiff cross-moved for a directed verdict on his Labor Law § 241 (6) claim against JGN.

The trial court, inter alia, denied the motions by JGN and Sanitation for a directed verdict dismissing plaintiff's negligence and Labor Law § 200 claims, finding that the level and extent of JGN's supervisory control over Sanitation was a question of fact. Likewise, the trial court denied plaintiff's motion on his Labor Law § 241 (6) claim since the dumpster was not being hoisted onto the removal truck at the time of the incident. Finally, the trial court significantly reduced the damages awarded to plaintiff.

It is well settled that liability under Labor Law § 200 will attach if the owner or contractor exercised supervisory control over the work performed or had actual or constructive notice of the unsafe condition (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Higgins v 1790 Broadway Assoc.*, 261 AD2d 223). Here, the trial court erred in failing to direct a verdict dismissing plaintiff's negligence and Labor Law § 200 claims against defendant JGN since JGN, the general contractor, did not possess sufficient supervisory control over the method and means utilized by Sanitation Salvage Corp. in removing its dumpsters from the work site. Similarly, as to common-law negligence, there is no evidence that JGN created or had either actual or constructive notice of such dangerous condition as would confer liability upon JGN. There is no evidence that JGN ever observed Sanitation's employees using a chain to drag the subject dumpsters to the removal truck on or before the date of the accident. Accordingly, plaintiff's claims under common-law negligence and Labor Law § 200 against JGN should have been dismissed.

Inasmuch as plaintiff's claims against JGN are dismissed, the third-party action against Sanitation is also dismissed and the jury's award of damages is vacated.

The Court has considered the parties' remaining contentions for affirmative relief and finds them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Lerner, JJ.