■ JULIA LECKANBY, Individually and as Parent and Guardian of JOHN F. LECKANBY, an Infant, Respondent, v COHOES COMMUNITY CENTER, INC., Appellant. [749 NYS2d 336] —Crew III, J.P. Appeal from an order of the Supreme Court (Teresi, J.), entered December 20, 2001 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant owns and operates a community center on real property located in the City of Cohoes, Albany County. A hill is situated at the rear of the property, rising from the base of the community center building up to a public pathway. On January 31, 1999, John Francis Leckanby, his brother and his cousin went to defendant's property to snowboard on the hill in question. On Leckanby's first ride down the hill, he sat on his snowboard and slid down the hill on his buttocks. After falling off the snowboard at a level portion in the middle of the hill, he returned to the top of the hill and began another run while standing on the snowboard. As he picked up speed, Leckanby became worried that he would collide with the wall of the community center and tried to get off the snowboard. In so doing, however, he slipped and collided head-on with the wall, rendering him unconscious.

Plaintiff, individually and on behalf of Leckanby, her infant son, commenced this negligence action against defendant to recover damages for the personal injuries sustained by Leckanby as the result of the accident. Following joinder of issue and the completion of discovery, defendant moved for summary judgment dismissing the complaint on the ground that the accident was barred by the provisions of General Obligations Law § 9-103 and, further, that the hill constituted an open and obvious danger for which defendant could not be held responsible. Supreme Court denied the motion finding questions of fact regarding, inter alia, whether the complained of condition was open and obvious. Defendant now appeals.

It is axiomatic that a landowner has no duty to warn of an open and obvious condition that is readily observable by the normal use of one's senses (*see e.g. Cartuccio v KCMC Trust*, 280 AD2d 831), and this postulate applies to adults and minors alike (*see Dart v Solomon*, 210 AD2d 581, 583). A review of the record makes plain that the existence of the building at the base of the hill constituted an open and obvious danger to persons sledding or snowboarding down the hill. And while plaintiff's expert opined that fencing could have been placed to

cordon off the hill, we previously have held that "[p]roperty owners need not enclose natural geographical phenomena which present open and obvious, in contrast to latent, dangers" (*Casela v City of Troy*, 161 AD2d 991, 991). While the building and its rear wall, which lie at the base of the hill, do not constitute "natural geographical phenomena," we can ascertain no basis for not extending the rule governing the enclosure of open and obvious dangers to that structure and the surrounding area.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.