■ RAMON FRESCO et al., Respondents, v 157 EAST 72ND STREET CONDOMINIUM et al., Defendants, and DNA CONSTRUCTION CORP., Sued Herein as DNA CONSTRUCTION, Appellant and Third-Party Plaintiff-Appellant-Respondent. LUMAR RESTORATION CORP., Third-Party Defendant-Respondent-Appellant. (And Another Action.) [769 NYS2d 536]—

Order and judgment (one paper), Supreme Court, New York County (Norman Ryp, J., and a jury), entered September 27, 2002, in an action by a laborer against a general contractor for personal injuries sustained on a construction site, (1) awarding plaintiff $2 million for past pain and suffering, $2 million for future pain and suffering over 38 years and $125,000 for future medical expenses over 38 years, before structuring and apportionment, and (2) directing that third-party defendant, plaintiff's employer, "indemnify defendant [general contractor] for any amounts which [the general contractor] is required to pay to plaintiff pursuant to this judgment," and bringing up for review, inter alia, (1) an order, same court (Franklin Weissberg, J.), entered on or about November 14, 2000, which, inter alia, (a) granted the general contractor's motion for summary judgment on its third-party claim against the employer for contractual indemnification, and (b) denied as moot the employer's motion for summary judgment dismissing the general contractor's

claim for common-law indemnification, and (2) an order, same court (Norman Ryp, J.), entered on or about April 5, 2002, which, inter alia, (a) granted the general contractor's motion to set aside the jury's 33% apportionment against it to the extent of directing that the employer indemnify it in accordance with the prior order of Justice Weissberg, (b) denied the employer's motion to dismiss the general contractor's third-party claim for common-law indemnification, and (c) denied motions by either or both the general contractor and the employer to set aside the verdict due to the admission of improper expert testimony, as against the weight of the evidence and as excessive, unanimously modified, on the law, to dismiss plaintiff's cause of action for common-law negligence, and, on the facts, to set aside the verdict and direct a new trial on the issue of damages only, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the prestructured, preapportioned awards for past and future pain and suffering and future medical expenses to $1 million, $1 million and $37,700, respectively, and to the entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered on or about December 23, 2002, which denied the employer's motion to resettle the judgment so as to clarify that its obligation to indemnify the general contractor is purely contractual, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court (Saralee Evans, J.), entered August 1, 2003, which denied the employer's motion to renew the motions for summary judgment decided by Justice Weissberg, unanimously dismissed, without costs, as academic.

Plaintiff was injured in the eye when a nail bounced up while he was hammering it through a precut metal plate into a block of wood. Plaintiff's case against the general contractor was submitted to the jury on theories of common-law negligence and a violation of Labor Law § 241 (6) based on 12 NYCRR 23-1.8 (a), which requires the furnishing of eye protection equipment to employees who, inter alia, are "engaged in any . . . operation which may endanger the eyes." The jury found for plaintiff on both theories, apportioning fault 33% against the general contractor, 46% against the employer and 21% against plaintiff. The general contractor argues that it was error to submit the question of its fault to the jury in view of Justice Weissberg's pretrial order granting it summary judgment on its cause of action against the employer for contractual indemnification, based on findings that it exercised no supervisory control over plaintiff and could not be held at fault simply because it supplied plaintiff with the nail.

As this Court is not bound by any law of the case made by Justice Weissberg's pretrial order (*see Grullon v City of New York*, 297 AD2d 261, 265 [2002]), we have reviewed the record, and, upon such review, find that it is bereft of any evidence of fault on the part of the general contractor. Indeed, plaintiff implicitly admitted as much by consenting to dismissal of his cause of action for violation of Labor Law § 200. Plaintiff submitted no evidence that defendant had the right to control his work, or in fact controlled the injury-producing activity, or had actual or constructive notice that his employer did not provide safety goggles (*see Lally v JGN Constr. Corp.*, 295 AD2d 148 [2002], *lv denied* 99 NY2d 504 [2002]). Accordingly, we modify the judgment so as to dismiss plaintiff's cause of action for common-law negligence (*see id.*). Further modification of the judgment on this basis is not necessary since the 33% apportionment against the general contractor recited in the judgment was rendered ineffective by the decretal paragraph directing the employer to fully indemnify the general contractor.

That decretal paragraph need not be disturbed simply because it does not indicate whether the employer is being held liable for contractual or common-law indemnification. The general contractor is liable to plaintiff for the full amount of plaintiff's damages, less plaintiff's comparative fault, by reason of the violation of Labor Law § 241 (6). Whether an activity is protected by 12 NYCRR 23-1.8 (a) requiring the furnishing of eye protection equipment is a jury question that turns on whether a particular activity involves a foreseeable risk of eye injury (*see Cappiello v Telehouse Intl. Corp.*, 193 AD2d 478, 480 [1993]). Here, there is ample evidence showing that the injury plaintiff sustained was foreseeable. However, there is no evidence the failure to furnish eye protection equipment was the general contractor's fault. Accordingly, the general contractor's liability under Labor Law § 241 (6) is purely vicarious (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]), the employer cannot argue that the general contractor is being indemnified for its own negligence in violation of General Obligations Law § 5-322.1, and the general contractor is entitled to contractual indemnification from the employer. The general contractor is also entitled to common-law indemnification, there being ample evidence that plaintiff suffered a grave injury in the form of "permanent and severe facial disfigurement" (Workers' Compensation Law § 11).

Since the appeal from the judgment brings up for review both the grave injury issue as well as the issue of the general contractor's fault, we dismiss as academic the employer's appeal

from the order denying its motion to renew the pretrial motions for summary judgment decided by Justice Weisberg. The order denying the employer's motion to resettle the judgment is nonappealable (*see State of New York v Rice Mohawk U.S. Constr. Co.*, 262 AD2d 114, 116 [1999]).

The general contractor's argument that it was denied a fair trial when plaintiff's safety expert was allowed to comment on OSHA regulations is unpreserved (*see Matter of Antonio Tyrone B.*, 298 AD2d 128 [2002]), and, in any event, without merit.

Plaintiff agrees that the award of future medical expenses should be reduced as above indicated, and we find that the awards of past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances to the extent indicated (*cf. Gonzalez v Lovett Assoc.*, 252 AD2d 355 [1998], *lv denied* 92 NY2d 816 [1998]).

We have considered the parties' remaining arguments for affirmative relief and find them to be unavailing. Concur—Saxe, J.P., Rosenberger, Williams and Friedman, JJ.