■ PATRICIA C. MacDONALD et al., Respondents, v NEW YORK STATE OLYMPIC REGIONAL DEVELOPMENT AUTHORITY et al., Appellants. [847 NYS2d 713]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 7, 2006 in Essex County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Patricia C. MacDonald (hereinafter plaintiff) was injured in December 2003 in the Village of Lake Placid, Essex County, when, while wearing ice skates, she stepped off the Sheffield Speedskating Oval and into the area inside the skating oval. Plaintiff was attempting to reach a bonfire located inside the skating oval and the benches surrounding it; however, her skate apparently became caught on the interior surface and she fell, breaking her ankle. Plaintiff and her husband, derivatively, commenced this action claiming that defendants, which own and operate the skating oval, negligently allowed a dangerous condition to exist on the premises and failed to warn patrons of its existence. Specifically, they contend, among other things, that defendants failed to properly maintain the surface inside the skating oval, failed to close off the interior, and failed to warn of its condition or of a two-inch differential between the surface of the skating oval and the interior.

Defendants moved for summary judgment dismissing the complaint, arguing that they had no duty to maintain the interior area, that its condition was open and obvious and thus required no warning, and that plaintiff assumed the risk by choosing to walk across the ungroomed interior rather than using the designated path to the bonfire area. Supreme Court rejected defendants' contention that they owed no duty to plaintiffs, and found that questions of fact existed on the issues of whether defendants breached their duty either by failing to maintain the area or by failing to warn of its condition. The

court also found questions of fact as to whether plaintiff assumed the risk of injury when she left the skating oval. Accordingly, the court denied the motion, and defendants now appeal.

We agree with Supreme Court that defendants owed plaintiff "a duty of reasonable care under the circumstances to maintain their property in a safe condition" (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]), including that part of the property where the injury occurred, since it is undisputed that defendants were aware that skaters crossed the interior to approach the bonfire area from different directions, not always using the designated path. We further agree with Supreme Court that questions of fact preclude summary judgment dismissing the complaint. In general, it is for the factfinder to determine "whether and to what extent a particular duty was breached" (*Tagle v Jakob*, 97 NY2d at 168; *see MacDonald v City of Schenectady*, 308 AD2d 125, 127 [2003]). Here, whether the interior area where the accident occurred was properly maintained under the circumstances—considering prevailing weather conditions, the level of lighting, the purported differential between the two surfaces and any other relevant factors—presents a question of fact.

We further note that whether the allegedly hazardous condition of the interior area was open and obvious is also disputed, and bears on whether defendants had a duty to warn of such condition (*see MacDonald v City of Schenectady*, 308 AD2d at 128; *Leckanby v Cohoes Community Ctr.*, 299 AD2d 625, 625 [2002]). And finally, the foregoing considerations, along with the foreseeability of the hazard, also bear on the applicability of the doctrine of assumption of the risk (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Tuttle v TRC Enters., Inc.*, 38 AD3d 992, 993 [2007]). Accordingly, Supreme Court properly denied defendants' motion for summary judgment.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.