██ GEOFFREY SMITH, Respondent, v CURTIS LUMBER COMPANY, INC., Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 29, 1991 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

The issue confronting us on this appeal is whether Supreme Court erred in denying defendant's motion for summary judgment when plaintiff's theory of recovery was based on the premise that defendant was negligent and liable for plaintiff's injuries resulting from a fall in defendant's lumberyard in that defendant failed to assist plaintiff in loading planks of lumber it had sold to him.

Plaintiff was injured in defendant's lumberyard when he slipped and fell while attempting to remove planks from a six-foot high pile of planks by standing on an adjoining wood pile that was some 2½ feet in height. It was raining at the time and the wood was wet. Supreme Court's denial of defendant's summary judgment motion was based on the theory that the complaint inferentially spelled out an allegedly dangerous condition on defendant's premises which caused plaintiff's injury.

There should be a reversal. We agree that plaintiff's theory of negligence as contained in its complaint has no basis in law. Plaintiff's contention that defendant owed plaintiff a duty to load the wood planks it had purchased from defendant is insufficient as a matter of law. Plaintiff was required to plead facts from which the existence of a duty or obligation could be inferred on the part of defendant which ran to plaintiff.

We find untenable Supreme Court's conclusion that a question of fact existed as to plaintiff's right of recovery under a theory of creation of a dangerous condition. A defendant is not required to protect a plaintiff from his own folly. The complaint does not allege the usual slip and fall situation where a plaintiff is caught by surprise when confronted by a dangerous condition which results in a fall and injury. Rather, here, plaintiff was fully aware of the stacked wood pile on which, for some inexplicable reason, he elected to stand to accommodate himself in taking down wooden planks. The danger in standing on loose wood was apparent. There is no duty to warn against a condition which is readily observable (see, Olsen v State of New York, 25 NY2d 665, 667). There is nothing in the record to establish the existence of a dangerous condition and defendant's actual or constructive notice thereof. Summary judgment should therefore have been granted to defendant (see, Torri v Big V, 147 AD2d 743, 744).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.