■ SHARON WORDEN, Respondent, v ELSIE WORDEN, Appellant. [735 NYS2d 220] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 2, 2000 in Ulster County, which denied defendant's motion for summary judgment dismissing the amended complaint.

Plaintiff and defendant reside on adjacent parcels of property in a rural area of Ulster County. Plaintiff is defendant's daughter and a frequent visitor to defendant's property. Defendant's 1.26-acre parcel, which she and her husband purchased some 45 years ago, is surrounded by an old stone wall which apparently had been built long ago without mortar and had collapsed at least 30 years ago. While on defendant's property in February 1997, plaintiff walked into an area in the vicinity of the collapsed stone wall to collect twigs for a fire. She sustained a serious injury to her ankle when she stepped on a rock which shifted, causing her to fall. Plaintiff commenced this action to recover damages for the injury and after issue was joined, defendant moved for summary judgment dismissing the complaint. Defendant now appeals from Supreme Court's denial of that motion.

It is undisputed that there was no snow in the area where plaintiff fell. According to plaintiff, she did not see the rock which caused her fall because it was covered by leaves. Defendant's duty as a landowner to maintain her premises in a reasonably safe condition included the duty to warn those lawfully on the premises of potentially dangerous conditions that are not readily observable (*see, Comeau v Wray*, 241 AD2d 602, 603). "Conversely, there generally is no duty to warn of conditions that can be easily recognized or discovered by the normal use of one's senses" (*id.*, at 603 [citations omitted]; *see, Gransbury v K Mart Corp.*, 229 AD2d 891). In contrast to *Carlson v Berg* (240 AD2d 692), upon which plaintiff relies, there is no evidence in this case that the area where plaintiff fell was part of a path or walkway. Rather, as defendant points out, the area was relatively wild, and photographs in the record demonstrate that it was strewn with numerous rocks and leaves. This unstable walking surface was readily apparent and, even if the particular rock on which plaintiff stepped was covered with leaves, as she alleges, the condition of that area was not latent or concealed. Indeed, based upon the obvious rock and leaf-strewn nature of the area where plaintiff fell, the danger posed by the likelihood of rocks underneath the leaves was easily recognizable or discoverable by the normal use of one's

senses. Accordingly, defendant breached no duty in failing to protect plaintiff from the readily observable unstable walking surface where plaintiff elected to walk.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and amended complaint dismissed.