■ VANESSA LAWSON, Respondent, v RIVERBAY CORPORATION, Defendant and Third-Party Plaintiff-Appellant. PROTO CONSTRUCTION & DEVELOPMENT CORP., Third-Party Defendant-Respondent. [883 NYS2d 199]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 22, 2008, which denied defendant's motion for summary judgment dismissing the complaint and granted third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

On March 4, 2005, at approximately 6:00 P.M., plaintiff Vanessa Lawson was injured when she tripped and fell over a concrete block situated in a pedestrian walkway under a scaffolding, or construction bridge, adjacent to the residential apartment buildings at Co-Op City, owned and operated by defendant Riverbay. According to the assistant director of construction for Riverbay, the scaffolding had been installed years earlier, in contemplation of facade work planned for, but not yet performed on, the adjacent building. The concrete block in question, and others like it, had been placed along the roadway at the time of the initial construction, to prevent vehicles from entering the area in front of the building entrance. When the scaffolding was erected, it was simply put up around the blocks, leaving them in place, although it is apparent from the photographs that the scaffolding itself creates a pedestrian walkway and serves to prevent vehicles from entering the area. Accordingly, as long as

the scaffolding was in place, the blocks in question would not serve their intended purpose—or any purpose other than as a possible obstacle for pedestrians.

Defendant's assertion that the large cement block situated in the center of the walkway was an open and obvious hazard is not the end of the necessary discussion, since the open and obvious nature of an obstacle simply negates the property owner's duty to warn of a hazard; it does not eliminate the property owner's duty to ensure that its property is reasonably safe (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72-73 [2004]; *Cohen v Shopwell, Inc.*, 309 AD2d 560 [2003]). A question of fact is presented as to whether the block's location in the middle of the walkway constituted an unreasonably dangerous condition warranting amelioration by the landlord.

Plaintiff's recognition that she knew the blocks were there, and had even warned her daughter to be careful of them, does not preclude a finding of liability. According to her deposition testimony, it was dark in that spot under the covered walkway at approximately 6:00 P.M. on March 4, 2005, with the two nearby light bulbs not functioning, and an inspection report confirms the fact of broken light fixtures on that date. Plaintiff, carrying two bags of groceries, had just turned to warn her daughter to avoid the other large cement block on the right, when she herself tripped over the block in her path. This evidence creates a question of fact as to whether plaintiff's own negligence caused the accident.

As to the third-party complaint, the motion court correctly granted Proto Construction's motion in view of the absence of evidence supporting the assertion of liability against it. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.