(May 15, 2012)

■ Kevin Haynie, Respondent, v New York City Housing Authority, Appellant. [944 NYS2d 104]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered December 7, 2010, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff alleges that his trip and fall accident was caused by a dangerous condition on a pathway to the backyard of defendant's premises. The large chunks of concrete that plaintiff knowingly traversed while carrying a 28-foot, 40- to 50-pound ladder was not a dangerous condition as a matter of law. This case is on all fours with *McGrath v Lake Tree Vil. Assoc.* (216 AD2d 877 [1995]) in which the Court held that a property owner was not liable for a dangerous condition where the plaintiff was injured when he walked on a pile of dirt while carrying a 24-foot scaffold pick on his shoulder. Similarly, in *Smith v Curtis Lbr. Co.* (183 AD2d 1018 [1992]), the Court held that the record did not establish the existence of a dangerous condition where a lumberyard patron was injured when he fell from a wet stack of wood that he knowingly stood upon. As the *Smith* Court aptly put it, "[a] defendant is not required to protect a plaintiff from

his own folly" (*id.* at 1019; *see also Bisogno v 333 Tenants Corp. Co-Op*, 72 AD3d 555 [2010] [a pile of Christmas trees placed near a curb held not to be a dangerous condition]; *Fisher v Southland Corp.*, 271 AD2d 403 [2000] [similar conclusion regarding a pile of newspapers]). *Lawson v Riverbay Corp.* (64 AD3d 445 [2009]), which the dissent cites, is distinguishable because the plaintiff in that case claimed to have momentarily forgotten about a tripping hazard that was obscured by poor lighting conditions (*id.* at 446). Here, by contrast, plaintiff testified that he knew he had to step on the concrete chunks in order to enter the backyard. Concur—Tom, J.P., Sweeny and DeGrasse, JJ.

Abdus-Salaam and Manzanet-Daniels, JJ., dissent in a memorandum by Manzanet-Daniels, J., as follows: I would affirm the motion court's order. Triable issues of fact concerning whether the presence of rocks and debris blocking the entranceway to defendant's yard constituted an inherently dangerous condition preclude entry of summary judgment in defendant's favor.

Plaintiff cable technician came to the premises with the intent of disconnecting cable service and retrieving cable equipment from a customer who resided in the building. Since no adult was home who could pay the bill, company rules required that he disconnect the cable box. The cable box was located on the exterior wall of the building, alongside the customer's window. To access the cable box and disconnect the customer's cable service, plaintiff needed to position a ladder against the exterior wall of defendant's building. He needed to set the bottom of the ladder away from the building to prevent it from tipping over when he climbed it. Unfortunately, the pathway was not wide enough for safe placement, and plaintiff had to place the feet of the ladder in the yard on the other side of the pathway. Although a metal fence separated the yard from the pathway, the gate to the yard was open. Plaintiff was required by company rules to disconnect the box so long as it was not "inaccessible." He testified that his superiors would not consider the box "inaccessible" given that the gate to the yard was open. There were concrete rocks, bricks, and other pieces of masonry debris piled up and blocking the open entranceway to the yard. The record showed that this gate was the only entrance to or exit from the yard, and that plaintiff had no other means of positioning the ladder in order to safely access the cable box other than to carry it over the debris and place it in the yard. The rocks, bricks, and masonry debris had been blocking the entrance to the front yard for between one and two months before the date of plaintiff's accident.

Plaintiff attempted to enter the yard by squeezing through the side of the entrance, where there was less debris, but unfortunately a piece of concrete on which he stepped slipped under his foot, causing him to lose his balance and to fall.

The majority reverses and grants defendant's motion on the basis that the condition in question was "open and obvious" and not inherently dangerous. However, while an open and obvious condition may relieve a landowner of the duty to warn of a dangerous condition, it does not absolve a landowner from the duty to maintain the premises in a reasonably safe condition (*see Cohen v Shopwell, Inc.*, 309 AD2d 560, 562 [2003] ["the duty to maintain premises in a reasonably safe condition is analytically distinct from the duty to warn, and that liability may be premised on a breach of the duty to maintain reasonably safe conditions even where the obviousness of the risk negates any duty to warn"]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003] ["Evidence that the dangerous condition was open and obvious cannot relieve the landowner of this burden. Indeed, to do so would lead to the absurd result that landowners would be least likely to be held liable for failing to protect persons using their property from foreseeable injuries where the hazards were the most blatant"]).

Although summary judgment may be warranted where an open and obvious condition is not inherently dangerous, defendant, in my view, has not demonstrated, as a matter of law, that the pile of rock and debris blocking the entranceway to the yard was not inherently dangerous (*see e.g. Lawson v Riverbay Corp.*, 64 AD3d 445, 446 [2009] [question of fact existed as to whether large cement block situated in walkway constituted an unreasonably dangerous condition]). I would accordingly affirm the order of the motion court denying defendant's motion for summary judgment.