Spain, J.
Appeal from an order and judgment of the Supreme Court (O’Connor, J.), entered March 18, 2012 in Ulster County, which, granted defendants’ motion for summary judgment dismissing the complaint.
In December 2008, while plaintiff was observing and counting windows in the process of giving defendants an estimate to clean the windows of their house, she reportedly sustained injuries when she slipped and fell while walking with defendant Stanley D. Papich around the perimeter of a house owned by defendants. Plaintiff, following Papich, slipped coming down a slope adjacent to the side of the house that was covered in wet leaves and other natural debris, and thereafter commenced this action, alleging that defendants recklessly maintained the premises, created a dangerous condition and failed to warn her of the dangerous condition. Defendants answered, denied liability and moved for summary judgment dismissing the *1281 complaint, which plaintiff opposed. Supreme Court granted defendants’ motion, plaintiff now appeals, and we affirm.
“Generally, landowners both owe a duty to exercise reasonable care in maintaining their property in a reasonably safe condition and have a duty to warn of a latent, dangerous condition of which the landowner is or should be aware” (Soich v Farone, 307 AD2d 658, 659 [2003] [emphasis and citations omitted]; see Noble v Pound, 5 AD3d 936, 937-938 [2004]). However, the landowner’s duty to warn “does not extend to open and obvious conditions that are natural geographic phenomena which can readily be observed by those employing the reasonable use of their senses” (Cohen v State of New York, 50 AD3d 1234, 1235 [2008], lv denied 10 NY3d 713 [2008] [internal quotation marks and citation omitted]; see Anton v Correctional Med. Servs., Inc., 74 AD3d 1682, 1683 [2010]). As the movants, defendants were required to “make a prima facie showing of entitlement to judgment as a matter of law” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Defendants satisfied their threshold burden, as the moving parties, by establishing, through photographic evidence and the deposition testimony of Papich and plaintiff, that they exercised reasonable care by maintaining the premises year round and in a seasonally appropriate manner, and that they did not create the condition, which occurred as a result of natural seasonal changes. Notably, plaintiff’s fall did not occur on a pathway, walkway or driveway but, rather, on the surface of the ground along the side of the house on the unaltered natural contour of the land in an area that was exposed to the elements; it was not foreseeable that someone would traverse on this obviously slippery terrain so as to impose an obligation on the owners to take precautions such as clearing the ground area of leaves and debris (see Cohen v State of New York, 50 AD3d at 1235; compare Haynie v New York City Hous. Auth., 95 AD3d 594, 594 [2012]; Misir v Beach Haven Apt. No. 1, Inc., 32 AD3d 1002, 1002 [2006]).
Moreover, defendants’ proof established that the slippery condition of the leaf and debris-covered natural, unimproved downward slope was an open and obvious hazard, as opposed to a latent or concealed one, in that the danger “could not be overlooked by any observer reasonably using his or her ordinary senses” (Arsenault v State of New York, 96 AD3d 97, 102 [2012]; see Tagle v Jakob, 97 NY2d 165, 169-170 [2001]; Cohen v State of New York, 50 AD3d at 1235-1236; Worden v Worden, 289 AD2d 862, 862-863 [2001]). While the proof was uncontroverted that Papich did warn plaintiff prior to her fall, the duty to warn *1282 does not extend to open and obvious dangers, particularly those — as here — that encompass “natural geographic phenomena which can be readily observed” (Cohen v State of New York, 50 AD3d at 1235 [internal quotation marks and citation omitted]; compare Arsenault v State of New York, 96 AD3d at 101-102). Thus, “defendants] breached no duty [to warn plaintiff or] to protect [her] from the readily observable unstable walking surface where [she] elected to walk” (Worden v Worden, 289 AD2d at 863; see MacDonald v City of Schenectady, 308 AD2d 125, 127 [2003]). As defendants established that they maintained their property in a reasonably safe condition, the burden shifted to plaintiff to demonstrate a triable issue of fact (see Fontanelli v Price Chopper Operating Co., Inc., 89 AD3d 1176, 1177 [2011]).
Even viewing the evidence most favorably to plaintiff as the nonmovant, we find that she did not demonstrate a triable issue of fact (see id.). In opposing defendants’ motion, plaintiff relied on an excerpt of her deposition testimony, responses to defendants’ bill of particulars and an affidavit, none of which alleged facts from which a duty could be imposed upon defendants to remove from the non-pathway slope the obviously slippery leaves and debris on which plaintiff admittedly slipped. Her claims that defendants created the condition are entirely unsupported by any facts. We agree with Supreme Court’s conclusion that the foregoing failed to defeat defendants’ entitlement to summary judgment (see Busterna v Branch Off. Assoc., 253 AD2d 837, 838 [1998]).
Rose, J.E, Stein and Garry, JJ., concur. Ordered that the order and judgment is affirmed, with costs.